### PEOPLE *v* SCHNEIDER

1. CRIMINAL LAW — DEFENSES — INSANITY — WITNESSES — PSY-CHIATRISTS — COMPETENCY REPORT.

A psychiatrist who has participated in the examination and preparation of the forensic psychiatric report concerning a criminal defendant's competence to stand trial shall not, in the future, be called in the case in chief to give opinion evidence on the question of the defendant's sanity (MCLA 767.27a).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 48, 63, 69.

2. CRIMINAL LAW — DEFENSES — INSANITY — WITNESSES — PSY-
CHIATRISTS—COMPETENCY REPORT.

> A psychiatrist, called by the prosecution in its case in chief
> to give opinion evidence on the question of the defendant's
> sanity, was absolutely barred from basing his opinion to any
> degree on a forensic psychiatric report concerning the defend-
> ant's competence to stand trial where the psychiatrist had
> participated in preparing the report (MCLA 767.27a).

3. CRIMINAL LAW — DEFENSES — INSANITY — WITNESSES — PSYCHI-
ATRIST — COMPETENCY REPORT — INDEPENDENT OBSERVATION.

> Allowing the testimony of a psychiatrist, who had participated
> in the preparation of a forensic psychiatric report concerning
> the defendant's competence to stand trial, on the question of
> defendant's sanity in the prosecution's case in chief required
> reversal of the defendant's conviction, even though the tes-
> timony was based in part upon independent observation, be-
> cause the testimony was tainted by reference to the conclu-
> sion contained in the competence report (MCLA 767.27a).

Appeal from St. Clair, Halford I. Streeter, J.
Submitted Division 2 January 10, 1972, at Lansing.
(Docket No. 11080.)  Decided March 23, 1972.  Leave
to appeal denied, 387 Mich 789.

Daniel Schneider was convicted of forgery.  De-
fendant appeals.  Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Walter W. Turton,*
Prosecuting Attorney, *Peter Deegan,* Chief Assist-
ant Prosecuting Attorney, and *Delmer L. Cleland,*
Corporation Counsel, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and
*Daniel S. Seikaly,* Assistant Defender, for defendant.

Before: DANHOF, P. J., and T. M. BURNS, and
O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

O'Hara, J.  We address ourselves again to the relatively new statute, MCLA 767.27a; MSA 28-.966(11), which prescribes the method by which a defendant's competency to stand trial is determined in this state.  In pertinent part, the statute provides:

"(3) Upon a showing that the defendant may be incompetent to stand trial, the court shall commit the defendant in the criminal case to the custody of the center for forensic psychiatry or to any other diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation.  The commitment shall be for a period not to exceed 60 days.  Within that period the center or other facility shall prepare a diagnostic report and recommendations which are to be transmitted to the committing court."

"(4) Upon receipt of the diagnostic report and recommendations the sheriff shall immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. *The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings.*" (Emphasis supplied.)

The precise point of precedential significance presented by this appeal should be thus stated:

Where an accused is committed to the forensic center and a report as to his competence to stand trial is furnished the trial court pursuant to the statute, may a psychiatrist who has participated in the examination and preparation of the report, and who is also called as a witness to give opinion evidence in the case in chief on the question of the defendant's insanity as a pleaded defense, base his opinion in whatever minimal degree upon the report of the center or upon any information he obtained in the course of his examination of the defendant at the center?

The question is of first impression.

In the first place, the examining psychiatrist who signed the report of the forensic center should not even have been called as a witness in the case in chief. We disapprove the practice. It is to be discontinued in the trial courts.

In this case, once called, the psychiatrist was absolutely barred from basing his opinion to any degree on the report of the center. We cite no authority. None is needed.

It is apparent that if any psychiatrist connected with the forensic center who participates in an examination or the preparation of a report to a trial judge on the issue of competence to stand trial, is allowed to testify for the state in a case in chief where the defense of insanity has been pleaded, any defense counsel worth his professional salt would instruct his client to answer no questions while under commitment. The whole admirable and well-conceived legislative intent in passing the statute would be completely vitiated.

Secondly, where the defendant is committed to the center upon order of a trial court, he is in practical effect in custody. Allowing one of the participating psychiatrists to testify against him at trial raises a most serious constitutional question.

The testimony of the psychiatrist in this instance, even though based in part upon independent observations, was tainted by reference to the conclusion contained in the center's report. For this reason we reverse and remand for a new trial.

We have reviewed appellant's other assignments of error and do not find them to be of sufficient substance to warrant reversal.

Reversed and remanded for the reason hereinbefore discussed.

All concurred.