PEOPLE v McGOLDRICK

OPINION OF THE COURT

1. CRIMINAL LAW—MENTAL COMPETENCE—COMPETENCE HEARING.

Failure to conduct an examination to determine a defendant's competence to stand trial in a criminal case cannot be corrected by the judge's statement that he had observed the defendant and found him competent.

2. CRIMINAL LAW—MENTAL COMPETENCE—COMPETENCE HEARING.

Failure to conduct an examination before trial to determine a defendant's competence to stand trial in a criminal case can be corrected subsequent to the trial by conducting a competence hearing and if the defendant is found to have been competent at the time of the trial his conviction will be affirmed.

CONCURRENCE IN PART, DISSENT IN PART, BY O'HARA, J.

3. CRIMINAL LAW—COMPETENCE HEARING—APPEAL AND ERROR.

A trial court's finding in a criminal case which required a judicial determination based on a psychiatric evaluation that the court was satisfied that the defendant was competent to stand trial, where the finding was made after the case in chief was presented, was in legal effect what he would have done on remand, and is not ground for reversal.

4. CRIMINAL LAW—DEFENSES—INSANITY—BURDEN OF PROOF.

The defense of insanity in a criminal case places the burden on the state to prove the defendant sane beyond all reasonable doubt and the psychiatric expert who examined the defendant

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 41 Am Jur 2d, Incompetent Persons §§ 15-25.

[2] 21 Am Jur 2d, Criminal Law §§ 48, 65, 69, 74.

Investigation of present sanity to determine whether accused should be put, or continue, to trial, 142 ALR 961.

Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition, 32 ALR2d 434.

[5] 21 Am Jur 2d, Criminal Law § 527.

as the people's expert to testify as to his sanity or insanity at the time of the commission of the acts complained of, upon whom the state must rely to fulfill its burden, may testify to those facts upon which he bases his expert opinion, and no error results if some inculpatory matter necessarily comes out during the good faith testimony of the expert as to those facts.

5. CRIMINAL LAW—SENTENCES—EVIDENCE.

*A judge sitting without a jury in a rape case wherein a charge of assault with intent to commit murder was dismissed before the trial did not commit error because of an alleged consideration of the dismissed charge in his sentence by alluding before imposing sentence to the fact that the defendant had said to the victim after he raped her that he intended to take her life where there was sufficient evidence to support the judge's remark independent of the dismissed charge.*

Appeal from Allegan, Wendell A. Miles, J. Submitted Division 3 November 9, 1973, at Grand Rapids. (Docket No. 14725.) Decided March 4, 1974. Leave to appeal applied for.

Theodore McGoldrick was convicted of rape. Defendant appeals. Remanded for a hearing on competence to stand trial with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gary Stewart,* Prosecuting Attorney, *Peter Antkoviak, II,* Chief Assistant Prosecuting Attorney, and *Stephen Kastran,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and DANHOF and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. BURNS, P. J. This case was originally as-
signed to Judge O'HARA for writing. He has writ-
ten his opinion, setting forth the facts and issues.
We agree with Judge O'HARA and approve his
opinion except for the conclusion that the trial
judge could correct his failure to conduct a compe-
tency examination by merely stating that he had
observed the defendant and found him competent.

*People v Chase,* 38 Mich App 417; 196 NW2d
824 (1972), mandates a hearing by the trial judge
to determine the defendant's competency to stand
trial upon his return from the Center for Forensic
Psychiatry.

*People v Lucas,* 47 Mich App 385; 209 NW2d 436
(1973), held that the trial court's failure to conduct
such a hearing could be corrected subsequent to
the trial.

Therefore, the case is remanded to the trial
court for the purpose of conducting a competency
hearing. If the defendant is found to have been
competent to stand trial at the time of the trial,
his conviction is affirmed.

DANHOF, J., concurred.

O'HARA, J. *(concurring in part, dissenting in
part).* This is an appeal of right from a conviction
of rape, MCLA 750.520; MSA 28.788. Trial was to
the court, a jury having been duly waived.

The defendant was originally charged with two
separate offenses, rape and assault with intent to
commit murder. He was bound over for trial on
both charges.

Upon his arraignment in circuit court the prose-
cuting attorney moved to dismiss the charge of
assault with intent to commit murder (lower court
file 4909). The trial judge dismissed it. The pro-

ceedings then went forward on the rape charge (lower court number 4908).

The transcript shows that in this case (4908) the defendant filed a notice of intention to interpose the defense of his insanity at the time of the commission of the alleged offense.

A stipulation was executed authorizing a commitment of the accused to the Center for Forensic Psychiatry at Ann Arbor.

The judgment of the examining psychiatrist was that the accused was competent to stand trial.

Regrettably, and we say regrettably advisedly, before the trial judge allowed the proceedings to go forward he did not make the required *judicial* determination based upon the center's evaluation that the defendant was competent to stand trial as mandated by *People v Chase,* 38 Mich App 417; 196 NW2d 824 (1972). *Chase* and its judicial first cousin, *People v Schneider,* 39 Mich App 342; 197 NW2d 539 (1972), make as clear as the writing judge and panel could make clear that there is an ocean of difference between a legislatively prescribed method for the determination of *competence to stand trial* and a plea of insanity asserting legal incapacity to commit the offense charged by reason of the defendant's claimed insanity at the time of the commission of the offense. The two cases discuss the reasons why the whole procedure for diagnostic determination for competence to stand trial would be reduced to a shamble if *the* examining psychiatrist or any psychiatrist participating in the examination were permitted to testify in the case in chief on the issue of insanity at the time of the occurrences giving rise to the charge. In this case the learned trial judge whose remarks upon the record bespeak an intimate if not always sympathetic familiarity with control-

ling appellate decisions declined to rule immediately as to whether a psychiatrist from the center could be called in the case in chief. This we gather because he did not want to risk any possibility of error, even though the psychiatrist associated with the center did not sign the report and made his examination explicitly to qualify as an expert prepared to testify on the issue of sanity or insanity in the case in chief. As it turned out the psychiatrist did not testify. Mayhap the trial judge's caution was well-founded, but the problem in smaller counties around the state is not solved by it. More often than not there is not even one psychiatrist, let alone two, in private general practice available to testify within the limits of reality in a case where the defense of insanity is raised. Perhaps it would be well if the Supreme Court under its rule-making power would make clear that psychiatrists, or even qualified psychologists associated with a state forensic center, are competent to testify on the issue of sanity or insanity in any case in which they have not participated in an examination to determine competency to stand trial under the statute.

Because appellant's second specification of error goes directly to the *Chase and Schneider* issue we must discuss these cases further. The most important case after *Chase* and *Schneider* is *People v Lucas,* 47 Mich App 385; 209 NW2d 436 (1973). Other cases since have followed it. The Court in *Lucas* held:

"The trial judge's failure to conduct the requisite hearing does not ipso facto necessitate a reversal of defendant's conviction. The error caused by this failure can be cured by a remand for the appropriate examination with disposition governed by the outcome of such examination. *Cf. People v Pena,* 383 Mich 402; 175

NW2d 767 (1970). Accordingly, we remand and direct a competency hearing to be conducted. If defendant is found to have been competent to stand trial at the time he pled guilty, his conviction is affirmed." 47 Mich App at 390-391; 209 NW2d at 439.

In this case the trial judge recognized, if tardily, that the requisite judicial determination based upon the Center's finding of competence to stand trial had not been made. Thereupon he held:

"The court finds also that the defendant, Theodore McGoldrick, in accordance with the examination made at the Forensic Center at Ann Arbor, was competent to stand trial and the court did observe Mr. McGoldrick in the courtroom throughout the trial assisting his counsel. The court is satisfied that he was competent to stand trial."

We disapprove the practice of going forward with the case in chief before the requisite judicial determination of competence to stand trial is made. We adhere to the holding that failure to make it at all is reversible error.

In legal effect what Judge Miles did in this case is what he would have to have done on remand under *Lucas.* Hence, we decline to reverse on this ground.

The second claimed error is that the psychiatric expert who examined the defendant as the people's expert to testify as to his sanity or insanity at the time of the commission of the acts complained of repeated certain inculpatory statements made by defendant.

It is legalistically and logically completely unrealistic to hold that once a defendant introduces the defense of insanity and it becomes the burden of the state to prove him sane beyond all reasonable doubt, the witness upon whom the state must

rely to fulfill its burden cannot testify to those facts upon which he bases his expert opinion. If in good-faith testimony as to those facts, under the supervision of the trial judge, some inculpatory matter necessarily comes out, no error results. The converse would simply mean that any plea of insanity guarantees an acquittal. We reject this claim of error in the case at bar.

In finality, by our leave on motion made, the defendant raises another error. This practice of post-argument motions and briefs we have criticized before and we restate our disapproval. The issue was as easily recognizable at the time of sentencing as it was before the briefs were filed. In substance it is that the trial judge before imposing the sentence alluded to the fact that defendant said after he raped the complaining witness he intended to take her life. This defense counsel says amounts to his taking into consideration the charge of assault with intent to commit murder which was dismissed on motion of the people.

This specification of error required us to scrutinize the record to determine if there was another source of this information legally available. The record reveals in ugly detail a brutal assault, a senseless beating, a forcible rape and direct testimony that defendant said when he was through with the victim, he was going to kill her and not leave her for the police to find. This is sufficient to support the judge's remark independent of the dismissed charge.

The 58-year-old victim's identification of the accused was detailed and unequivocal. He gained entrance to her home part by artifice, part by force. He threatened to cut her clothes from her body. The judge sitting as the trier of the facts had ample basis for believing her. No further discussion is warranted.

Affirmed.