PEOPLE *v.* BAUER.

1. CRIMINAL LAW—UNLAWFUL POSSESSION OF MOTOR VEHICLE—INTENT TO COMMIT OFFENSE—INFORMATION—SUFFICIENCY.

In a prosecution for an attempt to unlawfully take possession of and drive away a certain motor vehicle, in violation of Act No. 313, Pub. Acts 1919, an information charging an intent to commit the crime, an act necessary

to its commission, and the failure to consummate its commission is sufficient.

2. SAME—ATTEMPT TO COMMIT OFFENSE MALUM PROHIBITUM INDICTABLE.

Since under 3 Comp. Laws 1915, § 15611, an attempt is punishable even if the punishment for the offense itself be a fine or imprisonment in the county jail, the rule that as to an offense *malum prohibitum* an attempt to commit is not indictable has no application in this State.

3. SAME—REBUTTAL WITNESSES — INDORSEMENT ON INFORMATION WHEN CALLED—DISCRETION.

Even if it be necessary to have the names of rebuttal witnesses indorsed on the information, the trial judge has a discretionary right to permit it to be done when the witness is called, and if no objection is made at the time defendant may not raise the question after conviction.

4. SAME—VENUE, REOPENING TO ALLOW PROOF—DISCRETION.

It is within the discretion of the trial judge to permit the proofs to be reopened and proof of venue to be made.

5. SAME — TRIAL — INSTRUCTION — ERROR IN STATEMENT OF FACT NOT PREJUDICIAL.

Where the trial judge, in his charge to the jury, erroneously stated that defendant said he got into the car by mistake, but said error was not called to his attention by either counsel, and it does not appear that defendant was prejudiced thereby, his conviction will not be reversed therefor.

Error to recorder's court of Detroit; Cotter (Thomas M.), J. Submitted October 13, 1921. (Docket No. 175.) Decided December 21, 1921.

Solly Bauer was convicted of an attempt to unlawfully take possession of and drive away a motor vehicle, and sentenced to imprisonment for not less than 1½ nor more than 3 years in the State prison at Jackson. Affirmed.

*Thomas L. Dalton* (*Frederick P. Hempel,* of counsel), for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Ralph B. Clark,* Assistant Prosecuting Attorney, for the people.

SHARPE, J.   The defendant was convicted of an attempt to unlawfully take possession of and drive away a certain motor vehicle belonging to one Ralph Harrison, in violation of Act No. 313 of the Public Acts of the year 1919.   There are 16 assignments of error. They can be conveniently discussed and disposed of in the order following:

1. The information charges that the defendant—

"did then and there wilfully, wantonly and without authority attempt to take possession of, drive and take away a certain motor vehicle then and there belonging to another, to-wit, to Ralph Harrison and did then and there do a certain overt act towards the commission of said offense, to-wit, did connect wires with post on magneto coil with intent then and there to drive the said motor vehicle away, but the said Solly Bauer did then and there fail in the perpetration of said offense, and was then and there intercepted in the execution thereof."

The three essentials of the offense are charged: (1) The intent to commit the crime; (2) an act necessary to its commission; (3) the failure to consummate its commission.   We think it sufficient.   *People* v. *Youngs,* 122 Mich. 292, 295.

2. It is urged that, though made a felony by the statute, the offense is one *malum prohibitum,* and not *malum in se,* and that as to the former an attempt to commit is not indictable.   16 C. J. p. 111, and cases cited.   This rule can have no application in this State. Under our statute (3 Comp. Laws 1915, § 15611), an attempt is punishable even if the punishment for the

offense itself be a fine or imprisonment in the county jail.

3. One R. H. McGregor was with Mr. Harrison at the time he claims to have intercepted defendant in his effort to remove the car. His name was not indorsed on the information. Counsel for the prosecution asked leave to do so. After some discussion between counsel, participated in by the court, the following occurred:

"*Mr. Clark:* If he is not going to make any point of it. I will be satisfied to go ahead.

"*Mr. Dalton:* I am perfectly satisfied to let it go. I won't say a word about not bringing in those three witnesses."

McGregor was called by the prosecution in rebuttal. No objection to his testimony was made because his name was not so indorsed. Even if it be necessary to have the names of rebuttal witnesses indorsed, a point not discussed by counsel, the trial judge has a discretionary right to permit it to be done when the witness is called. The defendant may not raise the question after conviction. It is said that his testimony pertained to the people's main case and was not rebuttal. We find that the court sustained defendant's objection for this reason whenever made. His objections in the main were to the form of the question and not that it was not properly rebuttal.

4. On the conclusion of the proofs, defendant's counsel moved for a directed verdict for the reason that the venue had not been proven. The records of the stenographer were consulted and the omission disclosed thereby. On the prosecutor's request, the court permitted the proofs to be reopened and such proof offered. We think this was well within the discretion of the trial court. *People v. Blake,* 157 Mich. 533, and cases cited.

5. The court in his charge said to the jury:

"The defendant, on the other hand, gentlemen, has denied this, he said he got into the car by mistake, and without any intention whatever to take it, that his own car was standing there, and that there was nothing in any of his acts that could be construed as an attempt to take possession of Harrison's car, or attempt to drive it away; says he had nothing to do with putting the wires in the car, and knew nothing about it. Now, if you believe the story of the defendant, gentlemen of the jury, of course, you must acquit him."

The court was in error in stating that "the defendant * * * said he got into the car by mistake." The defendant testified:

"The Ford car I got out of was not next to mine. I did not walk up to any car except my own and I said nothing about another Ford car."

The attention of the trial court was not called to this error. Doubtless, it was not noticed by either counsel at the time. The complaining witness had so testified. We do not think this error so prejudicial to the rights of the defendant as to justify a reversal.

The errors not discussed have been considered. We find no reversible error in the record.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.