PEOPLE *v* CHASE

1. ASSAULT AND BATTERY—FELONIOUS ASSAULT—EXHIBITION OF WEAPON.

> Defendant's plea of guilty of felonious assault had a factual basis where defendant admitted that when the police arrived, in response to a call concerning a family quarrel, defendant exhibited a shotgun to them "so that they'd see the shotgun and wouldn't come in the house", even though the defendant did not verbally threaten the police officers.

2. ASSAULT AND BATTERY—FELONIOUS ASSAULT—SPECIFIC INTENT— EXHIBITION OF WEAPON.

> The specific intent necessary to constitute felonious assault may be found where one person pointed a gun at another person, even though no verbal threats were made, because under certain circumstances pointing a gun may well be regarded as a threat and as an intent to injure; a threat may be made by conduct as well as words.

3. CRIMINAL LAW—MENTAL COMPETENCE—DIAGNOSTIC EVALUATION— COMPETENCE HEARING.

> The mental competence statute requires that the trial court shall, immediately after a defendant's return from a diagnostic facility, hear and determine the issue of the defendant's competence to stand trial; a failure to hold that hearing constitutes reversible error (MCLA 767.27a[4]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery § 107.
[2] 6 Am Jur 2d, Assault and Battery §§ 13–21.
[3–5] 21 Am Jur 2d, Criminal Law §§ 63–74.
    Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition. 32 ALR2d 434.
    Modern status of rules as to burden and sufficiency of proof of mental irresponsibility in criminal case. 71 ALR3d 146.

4. CRIMINAL LAW—MENTAL COMPETENCE—DIAGNOSTIC EVALUATION—
   COMPETENCE HEARING—PLEA OF GUILTY.

   Acceptance of defendant's plea of guilty was reversible error
   where the trial court accepted the plea, after the defendant
   had returned from a diagnostic facility to which the court
   had ordered him, without first conducting a hearing as to the
   defendant's mental competence (MCLA 767.27a[4]).

5. CRIMINAL LAW—MENTAL COMPETENCE—DIAGNOSTIC EVALUATION—
   COMPETENCE HEARING.

   The mental competence of a defendant who had been committed
   ·by the trial court to the Center for Forensic Psychiatry for
   diagnostic evaluation to stand trial or to enter a plea of
   guilty cannot rest merely on the conclusion reached at the
   center, because the weight to be accorded to the diagnostic
   findings and their legal effect must be the subject of a
   judicial determination and order; the failure to hold a judicial
   hearing on the defendant's competence is reversible error
   (MCLA 767.27a[4]).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 12, 1972, at Lansing. (Docket No. 8891.) Decided February 23, 1972.

James G. Chase was convicted, on his plea of guilty, of felonious assault. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Joel B. Saxe,* Assistant Prosecuting Attorney, for the people.

*Carl H. Leiter,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J.   Defendant appeals of right from his plea of guilty to the offense of felonious assault, MCLA 750.82; MSA 28.277.

The first issue raised concerns the factual basis of the plea.   When the trial judge examined the defendant at the time of taking the plea, he elicited from the defendant his sorry tale of a family quarrel which led to the calling of the police to whom the defendant exhibited a shotgun "so they'd see the shotgun and wouldn't come in the house".   The principle of law here involved is similar to that in *People* v *Counts,* 318 Mich 45, 54 (1947).   The Supreme Court held:

"Defendant's claim that the specific intent necessary to constitute the offense of which he was convicted could not have been found by the jury because no threats were shown to have been made by him to Officer Faust is without merit.   A threat may be made by conduct as well as by words, and certainly pointing a loaded gun at one, under the circumstances indicated by the testimony of the people's witness, may well be regarded as a threat, and as indicating an intent to injure."

The examination of the defendant in this case, before acceptance of his guilty plea, furnished the necessary factual basis for the receipt thereof.

Defendant's second issue involves the important statute concerning mental competency to stand trial, MCLA 767.27a; MSA 28.966(11).

After his arraignment, the defendant petitioned the court for a preliminary psychiatric examination to determine his competency to stand trial.   On February 24, 1969, the court ordered the defendant to undergo diagnostic commitment at the Center for Forensic Psychiatry of the Department of Mental Health.   The Center rendered its report

to the court on April 3, 1969. The conclusion thereof was that the defendant was competent to stand trial. No trial was then held. Neither was there a hearing conducted by the court to determine the issue of competency. Instead, on May 22, 1969, the probate court acquired jurisdiction over the defendant to determine the propriety of his commitment to a state mental hospital. From the probate court the defendant went to Pontiac State Hospital where he remained until July 28, 1969. On this date he was released on convalescent status. Defendant's petition that he be declared mentally ill, previously filed in the probate court, was dismissed on September 11, 1969. Thereafter defendant was returned to the circuit court where, on October 20, 1969, more than six months after his return from the original diagnostic commitment, he entered a plea of guilty.

Defendant now claims that it was error for the trial court to accept his plea without first conducting a hearing as to his competency. Section 4 of MCLA 767.27a; MSA 28.966(11) reads:

"Upon receipt of the diagnostic report and recommendations, the sheriff shall immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings."

The genesis of our present competency to stand trial statute was recently considered by this Court in *People v Sherman Williams*, 38 Mich App 370 (1972). This case is to be distinguished from *Williams* where we considered the question of the degree of showing of incompetency necessary before *commitment* to a diagnostic center is required.

Here we deal with the failure of the court to hold a competency hearing upon the *return* of the accused from the diagnostic facility.

We must, of necessity, hold that the learned trial judge was in error when he declined to hold the competency hearing mandated by the statute on the theory that "the conducting of a formal competency hearing would have added nothing unless it was contested by the defendant".

The irreducible fact is that once commitment to the center pursuant to statute is ordered, the ultimate determination of the question of one's competence to stand trial, or to enter a plea, cannot rest merely on the conclusion reached there. *The weight to be accorded to findings made, and the legal effect of such findings, must be the subject of a judicial determination and order.* Absent such a requirement, a serious constitutional issue would arise. The proceedings were fatally infirm. We add, perhaps unnecessarily, that if neither the State nor the defendant chooses to introduce other testimony, the trial judge may make the judicial determination and base his order solely upon the report of the center.

Of necessity in this case, we reverse and remand for a new trial.

All concurred.