PEOPLE v LOWE

CRIMINAL LAW—COMPETENCE TO STAND TRIAL—DIAGNOSTIC REPORT—
JUDICIAL DETERMINATION.
    Defendant's competence to stand trial is the subject of judicial
    determination and order and cannot rest merely on the conclu-
    sion of the diagnostic report and recommendation without such
    judicial determination (MCLA 767.27[a]).

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted Division 1 May 2, 1972,
at Detroit. (Docket No. 13064.) Decided June 2,
1972.

James C. Lowe was convicted of assault with
intent to commit murder. Defendant appeals. Re-
versed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Richard Mo-
nash,* Assistant Prosecuting Attorney, for the peo-
ple.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR
and BRONSON, JJ.

PER CURIAM. Defendant was charged with as-
sault with intent to commit murder, MCLA 750.83;
MSA 28.278, and was convicted by a trial court,

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 63.

sitting without a jury. Defendant appeals as of right from that conviction.

On June 11, 1971, defendant and a fellow employee argued at their place of employment. Defendant had a gun at the time, but nothing occurred, as the argument was interrupted. Thereafter, the argument resumed and defendant shot complainant in the chin. Although the trial court sent defendant to a psychiatric forensic center for a diagnostic report and recommendation as to whether he was competent to stand trial, the trial court made its determination without holding a formal hearing.

On appeal, defendant contends that the trial court erred because it did not hold a hearing to determine whether defendant was competent to stand trial after receipt of the diagnostic report and recommendation, contrary to MCLA 767.27(a); MSA 28.966(11).

Subsection (4) of MCLA 767.27(a); MSA 28.966(11) reads:

"Upon receipt of the diagnostic report and recommendations, the sheriff shall immediately return the defendant to the committing court and the court *shall immediately hear and determine the issue of competence to stand trial.* The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings." (Emphasis added.)

In *People v Chase,* 38 Mich App 417, 421 (1972), this Court stated:

"We must, of necessity, hold that the learned trial judge was in error when he declined to hold the competency hearing mandated by the statute on the theory that 'the conducting of a formal competency hearing would have added nothing unless it was contested by the defendant'.

"The irreducible fact is that once commitment to the center pursuant to statute is ordered, the ultimate determination of the question of one's competence to stand trial, or to enter a plea, cannot rest merely on the conclusion reached there. *The weight to be accorded to findings made, and the legal effect of such findings, must be the subject of a judicial determination and order.* Absent such a requirement, a serious constitutional issue would arise. The proceedings were fatally infirm. We add, perhaps unnecessarily, that if neither the State nor the defendant chooses to introduce other testimony, the trial judge may make the judicial determination and base his order solely upon the report of the center." (Emphasis in original.)

As there was no competency hearing held by the trial court, as required by statute, defendant's conviction is reversed and remanded for a new trial.