PEOPLE v OLIGNEY

1. CRIMINAL LAW—MENTAL COMPETENCE—DIAGNOSTIC EVALUATION—HEARING.

Acceptance of defendant's plea of guilty was reversible error where the trial court accepted the plea, after the defendant had returned from a diagnostic facility to which the court had referred him, without first conducting a hearing as to the defendant's mental competence to stand trial (MCLA 767.27a[4]).

2. CRIMINAL LAW—MENTAL COMPETENCE—DIAGNOSTIC EVALUATION—HEARING.

The ultimate determination of one's competence to stand trial cannot rest merely on the conclusion of a diagnostic facility, but must be the subject of a judicial hearing and order.

Appeal from Emmet, Edward H. Fenlon, J. Submitted Division 3 June 7, 1972, at Grand Rapids. (Docket No. 12782.) Decided June 29, 1972.

Donald C. Oligney, Jr., was convicted, on his plea of guilty, of arson. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald C. Noggle,* Prosecuting Attorney, for the people.

*Jack Carpenter,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 62–69, 484, 485, 492.
Investigation of present sanity to determine whether accused should be put, or continue, on trial, 142 ALR 961.

Before: R. B. BURNS, P. J., and LEVIN and TAR-
GONSKI,* JJ.

PER CURIAM. Defendant was charged and pled
guilty to the offense of willful and malicious burn-
ing of a dwelling house, *i.e.,* arson. MCLA 750.72;
MSA 28.267.

At arraignment on December 7, 1970, defendant
petitioned for a competency examination. He was
referred to the State Forensic Center and ap-
peared in court again on February 23, 1971, subse-
quent to such referral. He was bound over for trial
on March 26, 1971, following a preliminary exami-
nation. The court accepted his plea of guilty to
arson at plea proceeding on July 9, 1971. Defend-
ant seeks to have his conviction and sentence set
aside. He raises two issues on appeal.

We are faced here with the question of whether
the trial court heard and determined the issue of
competence to stand trial in accordance with the
provisions of MCLA 767.27a(4); MSA 28.966(11)
and GCR 1963, 786.7. The record and transcripts
indicate that there was no hearing or medical
testimony regarding competency. No diagnostic
report was offered or received into evidence and is
not even present in the court file. The diagnostic
report from the Forensic Center, if in fact there
was one at all, was not submitted or used as
evidence in any of the proceedings and is not even
in the appeal file.

The applicable statute with reference to the
issue of incompetence cited above provides as fol-
lows:

"Upon receipt of the diagnostic report and recommen-
dations the sheriff shall immediately return the defend-

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings."

This Court in *People v Chase,* 38 Mich App 417, 421 (1972) said as follows:

"Here we deal with the failure of the court to hold a competency hearing upon the *return* of the accused from the diagnostic facility.

"We must, of necessity, hold that the learned trial judge was in error when he declined to hold the competency hearing mandated by the statute on the theory that 'the conducting of a formal competency hearing would have added nothing unless it was contested by the defendant.'

"The irreducible fact is that once commitment to the center pursuant to statute is ordered, the ultimate determination of the questions of one's competence to stand trial *or to enter a plea,* cannot rest merely on the conclusion reached there. *The weight to be accorded to the findings made, and the legal effect of such findings, must be the subject of a judicial determination and order.* Absent such a requirement a serious constitutional issue would arise. The proceedings were fatally infirm. We add, perhaps unnecessarily, that if neither the State nor the defendant chooses to introduce other testimony, the trial judge may make the judicial determination and base his order solely on the report of the center. (Emphasis added.)

"Of necessity in this case, we reverse and remand for a new trial."

It is our finding that the foregoing quotation from the *Chase* decision is applicable and decisional. Accordingly, we reverse and remand for further proceedings consistent with this opinion.