## PEOPLE v LUCAS

1. KIDNAPPING—ASPORTATION—ATTEMPTED KIDNAPPING.

Asportation of a victim is not necessary to establish the commission of an attempted kidnapping (MCLA 750.92, 750.349).

2. CRIMINAL LAW—CONSTITUTIONAL LAW—WAIVER.

Waiver in a criminal case is the voluntary relinquishment of a known right or known advantage.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—WAIVER—VOLUNTARINESS —COMPETENCE.

A defendant must be competent to execute a voluntary waiver.

4. CRIMINAL LAW—COMPETENCE—HEARING—WAIVER.

A defendant may not waive a competency hearing after an examination to determine his competency to stand trial since a trial court's acceptance of defendant's waiver would require an assumption of competency, the very question which must be answered by the hearing which the trial judge must conduct; and a prohibition against defendant's waiver of a competency hearing is no less applicable to defense counsel making a waiver for a defendant.

5. CRIMINAL LAW—COMPETENCE—HEARING—STATUTES.

A defendant was denied the intended protections of the statute providing for a formal hearing to determine competency to stand trial where defendant was neither confronted by the forensic report nor given the benefit of a hearing in his presence (MCLA 767.27a).

6. CRIMINAL LAW—COMPETENCE—HEARING—APPEAL AND ERROR.

The error caused by the failure of a trial court to conduct the requisite hearing to determine a defendant's competence to stand trial does not ipso facto necessitate a reversal of defendant's conviction, but can be cured by a remand directing the

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Abduction and Kidnapping §§ 11–23.
[2–4] 21 Am Jur 2d, Criminal Law § 219.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 221, 222.

competency hearing to be conducted with disposition governed by the outcome of the hearing.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 January 10, 1973, at Lansing. (Docket No. 14038.) Decided May 24, 1973.

Henry Lee Lucas was convicted, on his plea of guilty, of attempted kidnapping. Defendant appeals. Remanded with instructions for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Gaylord L. Baker,* for defendant on appeal.

Before: BRONSON, P. J., and McGREGOR and DANHOF, JJ.

BRONSON, P. J. Defendant was convicted by his guilty plea of attempted kidnapping and sentenced to serve a prison term of four to five years. MCLA 750.349; MSA 28.581 and MCLA 750.92; MSA 28.287. Following the denial of post-conviction relief sought in the trial court, defendant instituted the present appeal as a matter of right. Defendant alleges that the trial court committed reversible error by failing to conduct (1) a sufficient inquiry to establish the factual basis for his plea and (2) a competency hearing prior to the reception of his guilty plea.

Defendant's first allegation of error is based upon *People v Otis Adams,* 34 Mich App 546 (1971), *aff'd in part and rev'd in part,* 389 Mich 222 (1973), and is devoid of merit. The trial judge's examination disclosed defendant's description of

the crime during the plea proceedings as follows. Defendant drove past the complainant several times while she was waiting at the corner of two county roads in rural Lenawee County for her school bus. He pulled his car alongside complainant and told her to get into the car or he would shoot her. Although defendant was not actually armed, he told complainant he possessed a gun. Complainant was frightened but did not yield to defendant's demand. Defendant got out of the car, and told complainant that he was supposed to shoot her at her boyfriend's request. Upon her questioning, defendant was unable to identify her boyfriend. At this time the school bus approached and defendant fled.

Defendant argues that the *Adams* case requires some asportation of the victim which was not established by the trial judge's inquiry to establish the factual basis of the plea. Defendant misconceives the nature of the offense with which he is charged. Defendant was not charged with the substantive offense of kidnapping, but rather the inchoate crime of attempted kidnapping. There is no doubt that this record established (1) defendant's intent to commit the crime, (2) sufficient acts necessary to its commission, and (3) the failure to consummate commission of the crime. *People v Bauer,* 216 Mich 659, 661 (1921). *Cf. People v Bowen,* 10 Mich App 1 (1968). The asportation of complainant was not necessary to establish the commission of an attempted kidnapping. Defendant's conduct and threats were no longer equivocal for he had advanced beyond the stage of mere preparation. *People v Coleman,* 350 Mich 268 (1957).

Defendant's second allegation of error is based upon the trial judge's failure to conduct a competency hearing prior to the reception of the guilty

plea. Pursuant to defendant's filed petition, he was examined at the Center for Forensic Psychiatry to determine his competency to stand trial. Although the diagnostic report had not been received by the trial court, defense counsel and the prosecutor were informed by the examining psychiatrist that defendant was competent to stand trial. Based upon the receipt of this information, the trial judge asked defense counsel if they could proceed with defendant's rearraignment in the absence of this report and defense counsel consented.

The statutory mandate for trial judges to conduct a competency hearing is found in MCLA 767.27a; MSA 28.966(11), which in pertinent part provides:

"Upon receipt of the diagnostic report and recommendations the sheriff shall immediately return the defendant to the committing court and the court *shall* immediately hear and determine the issue of competence to stand trial." (Emphasis added.)

This statute creates a "substantively justiciable right" which has been strictly enforced by our courts. *People v Gomolak,* 386 Mich 540, 549 (1972). *Cf. People v Chase,* 38 Mich App 417 (1972); *People v Lowe,* 41 Mich App 310 (1972); *People v Oligney,* 41 Mich App 646 (1972).

The prosecutor accepts these principles but argues that the right to this hearing was waived by defense counsel and that the diagnostic report was subsequently received by the court at which time the trial judge made a determination that defendant was competent to stand trial. Although it is conceded that a defendant can waive his constitutional right, the unique nature of the statutory safeguard at issue precludes an application of the concept of waiver. A waiver is defined as the

voluntary relinquishment of a known right or known advantage. *Bailey v Jones,* 243 Mich 159, 162 (1928); *Book Furniture Co v Chance,* 352 Mich 521, 526 (1958); *People v McKinley,* 383 Mich 529 (1970). See, *e.g., Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 2d 1461 (1938). Defendant's ability to waive his right to a competency hearing depends entirely upon the coexistence of his ability to understand the nature of the rights, consequences of forfeiture, and voluntary nature of the choice. Simply stated, defendant must be competent to execute a voluntary waiver. Thus, the trial court's acceptance of defendant's waiver would require an assumption of competency, the very question which must be answered by the hearing which the trial judge must conduct. The protection afforded defendants by this statute cannot be subverted by assumptions which merely beg the question. In *Pate v Robinson,* 383 US 375, 384; 86 S Ct 836, 841; 15 L Ed 2d 815, 821 (1966), the Court stated:

"But it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial."

This prohibition against defendant's waiver of a competency hearing, a right exclusively possessed by defendant, is no less applicable to defense counsel.

The prosecutor's final contention that the forensic report was actually received and a hearing subsequently conducted by the trial judge is dubious. At the time defendant was sentenced the trial judge stated:

"[I]t [forensic report] will be received, and I should say ab initio as the basis of course for the finding that

*we did make based on the telephone conversation the doctor had with Mr. Crudder* [defense counsel] and with Mr. Koselka [the prosecutor], so I'll put the original in the file so it's available there." (Emphasis added.)

This single reference to the trial judge's decision regarding defendant's competency indicates that the decision was based upon the prior disclosure of the contents of the report which precipitated defense counsel's waiver at the rearraignment. The subsequent entry of the report into the record did not cure this defect since the extent to which the trial judge relied upon defense counsel's waiver, if any, cannot be determined.

Our courts have recently emphasized the need for trial judges to strictly adhere to the dictates of the statute by actually conducting competency hearings. *People v Lowe, supra; People v Oligney, supra.* Although the Court in *People v Chase, supra,* recognized the propriety of resting the determination of competency solely upon the report if neither the state nor defendant chooses to offer testimony, it did not substitute the report for a formal hearing. There is little doubt that what transpired during defendant's sentencing cannot be equated with a competency hearing. Defendant was neither confronted by the forensic report nor given the benefit of a hearing in his presence. In this context, we find that defendant was denied the intended protections of the above statute.

The trial judge's failure to conduct the requisite hearing does not ipso facto necessitate a reversal of defendant's conviction. The error caused by this failure can be cured by a remand for the appropriate examination with disposition governed by the outcome of such examination. *Cf. People v Pena,* 383 Mich 402 (1970). Accordingly, we remand and direct a competency hearing to be conducted. If

defendant is found to have been competent to stand trial at the time he pled guilty, his conviction is affirmed. Contrariwise, if defendant is found to have been incompetent to stand trial at the time he pled guilty, his conviction shall be set aside and a new trial granted.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

All concurred.