PEOPLE v ANDERSON

OPINION OF THE COURT

1. CRIMINAL LAW—COMPETENCY—HEARING—WAIVER.

A defendant who was incompetent could not intelligently waive or abandon a hearing to determine his competency to stand trial.

2. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—PRIOR CONVICTIONS.

A sentencing court did not have a duty to investigate, *sua sponte,* the constitutional validity of a defendant's prior convictions which were listed in a presentence report where the defendant had not established that the prior convictions were invalid and where the defendant did not allege before the sentencing court that the convictions were constitutionally infirm.

3. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—OBJECTIONS.

A defendant's presentence report was properly subject to the sentencing court's "inquiry, review and consideration" where the defendant failed to contend that the presentence report was inaccurate or unreliable, and where the defendant failed to produce any proof that the presentence report was somehow infirm.

DISSENT BY ALLEN, J.

4. CRIMINAL LAW—COMPETENCY HEARING—WAIVER OR ABANDONMENT.

*A trial court's failure to hold a hearing to determine competency to stand trial for a defendant who had given notice that incompetency might be used as a defense and who was commit-*

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 21 Am Jur 2d, Criminal Law § 26 *et seq.*

[2, 3] 21 Am Jur 2d, Criminal Law §§ 303, 324, 337, 584, 585.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

*ted to the Forensic Service Center for examination was not
error where the defendant was found to be competent at the
forensic center, where the defendant through his counsel delib-
erately chose to abandon the defense of incompetency, and
where the record fails to reveal any manifestations of mental
incompetency on the part of the defendant.*

Appeal from Calhoun, Ronald M. Ryan, J. Sub-
mitted Division 3 February 5, 1974, at Grand
Rapids. (Docket No. 16531.) Decided April 30, 1974.
Leave to appeal applied for.

James F. Anderson was convicted, on his plea of
guilty, of manslaughter. Defendant appeals. Re-
manded for a competency hearing with instruc-
tions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Stanley Ever-
ett,* Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate
Defender, for the people.

Before: R. B. BURNS, P. J., and ALLEN and
O'HARA,* JJ.

R. B. BURNS, P. J. This case was originally as-
signed to Judge ALLEN for the preparation of the
Court's opinion. He has fully set forth the neces-
sary facts and we agree with his opinion, except as
to the trial court's failure to hold a hearing on the
question of the defendant's competency upon his
return from the forensic center.

In our opinion, once the question of competency
is raised, the statute must be followed. A defend-
ant who is incompetent could not intelligently
waive or abandon such a hearing.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Therefore, in accordance with *People v Lucas,* 47
Mich App 385; 209 NW2d 436 (1973), we remand
the case to the trial court and direct a competency
hearing to be conducted. If defendant is found to
have been competent to stand trial at the time he
pled guilty, his conviction is affirmed. Contrari-
wise, if defendant is found to have been incompe-
tent to stand trial at the time he pled guilty, his
conviction shall be set aside and a new trial
granted. We do not retain jurisdiction.

O'Hara, J., concurred.

Allen, J. *(dissenting).* Defendant was originally
charged with first-degree murder. MCLA 750.316;
MSA 28.548. He later pled guilty to manslaughter
and received a sentence of 10 to 15 years in prison.
MCLA 750.321; MSA 28.553.

On October 4, 1971, Mary Garrett's partially
concealed body was discovered in a brushy area in
the City of Battle Creek, Michigan. Defendant was
arrested shortly thereafter and charged with first-
degree murder. MCLA 750.316; MSA 28.548. In a
statement to the police and in the course of offer-
ing his plea of guilty to manslaughter, defendant
said that he and Mrs. Garrett had been drinking
together, decided to have sexual relations, and
proceeded to a brushy area to do so. When Mrs.
Garrett threatened to tell her husband about the
event, defendant became afraid and beat his vic-
tim about the head with some rocks.

After a preliminary examination, defendant was
bound over on a charge of first-degree murder. A
number of events, to be discussed later, then tran-
spired regarding defendant's request for a judicial
determination of his mental competence pursuant
to MCLA 767.27a; MSA 28.966(11). More than six

months after this request, the prosecutor filed an amended information, charging defendant with the second count of manslaughter. MCLA 750.321; MSA 28.553. Defendant was arraigned on the amended information and pled guilty to the added count.

Relying primarily upon *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), defendant argues that the sentencing court erred by considering two previous misdemeanor convictions sustained by defendant without investigating *sua sponte* whether defendant was represented by counsel or had knowingly waived his right to counsel at the time of those two convictions. At sentencing, the court referred to the presentence report which indicated that defendant had been convicted of larceny under $100, MCLA 750.356; MSA 28.588, and being a disorderly person, MCLA 750.168; MSA 28.365.

Defendant has not established that the above convictions were invalid. Defendant did not allege before the sentencing court that these convictions were constitutionally infirm. Our Court has recently said:

"We therefore hold that, before this Court will grant relief in a *Tucker* petition, the appellant must first establish in separate post-conviction actions that the underlying convictions are invalid. In the instant case this required foundation has not been laid, the constitutional status of defendant's prior convictions not having been previously determined by an appellate process." *People v Gavin,* 50 Mich App 743, 745; 213 NW2d 758 (1973).

The trial court did not have the duty to investigate *sua sponte* the constitutional validity of the above convictions. While we deny relief on this point, we do so without prejudice to defendant's

right to seek an application for delayed appeal of those convictions. GCR 1963, 806.4.

Defendant also argues that the sentencing judge improperly considered information regarding defendant's participation in other offenses. The presentence report included an admission by defendant that he had raped another woman about four and a half hours previous to the murder of Mrs. Garrett. That offense occurred about 25 feet from where Mrs. Garrett's body was located. Attached to the presentence report was a report from the Coldwater State Home & Training School, where defendant had resided from March 7, 1967 until January 18, 1971. That report indicates that defendant had "attempted sexual relations with female residents on at least three occasions" and that defendant was the father of a baby girl born to another inmate of the state home.

At sentencing, the court referred to defendant's "other sexual criminal offenses". Neither defendant nor defense counsel objected to that statement, and failed to contend that this information was inaccurate or somehow prejudicial to defendant. According to *People v LaPine,* 47 Mich App 553, 556; 209 NW2d 726 (1973):

> "Where, as in the instant case, the record discloses no request by the defendant or his counsel of the trial court to examine the presentence report where a denial could have been made or any misinformation corrected and there is no contention or proof that the presentence report was inaccurate, there is no persuasive ground upon which to claim a prejudicial sentence."

Since defendant failed to contend that the presentence report was inaccurate or unreliable, and failed to introduce any proof that the presentence report was somehow infirm, that report was prop-

erly subject to the sentencing court's "inquiry, review and consideration". 47 Mich App 553, 556.

Defendant was sent to the forensic center which reported that defendant was competent. The report was never made a part of the record, but the finding of competency is referred to in the transcript of a court hearing May 31, 1972, at which time defense counsel requested court appointment of a psychiatrist to determine whether or not a defense of insanity would be appropriate. Defendant was psychiatrically examined in June and a report submitted to defense counsel who then elected not to pursue the insanity defense further. On July 24, 1972, the prosecutor filed an amended information which retained the original count of first-degree murder but added a count of manslaughter, to which defendant then pleaded guilty.

The competency hearing mandated by MCLA 767.27a(4); MSA 28.966(11)(4), was never held. Citing *People v Chase,* 38 Mich App 417; 196 NW2d 824 (1972), defendant claims error. Plaintiff counters, contending defense counsel abandoned the defense of competency. Five published opinions of this Court speak to the issue of failure to pursue the competency hearing following receipt of report from the forensic center.[1] In the first three cases a new trial was ordered, but commencing with *People v Lucas,* 47 Mich App 385; 209 NW2d 436 (1973), the case was remanded for a limited *nunc pro tunc* hearing on the competency issue alone. In none of the cases cited, except *Lucas,* was the issue of abandonment or relinquishment of the statutory right raised and therefore these cases

[1] *People v Chase,* 38 Mich App 417; 196 NW2d 824 (1972); *People v Lowe,* 41 Mich App 310; 199 NW2d 871 (1972); *People v Oligney,* 41 Mich App 646; 200 NW2d 786 (1972); *People v Lucas,* 47 Mich App 385; 209 NW2d 436 (1973); *People v McGoldrick,* 51 Mich App 578; 215 NW2d 711 (1974).

are not precedent. *Lucas* did raise the issue, 47 Mich App 385, 388, and it would be splitting hairs to find the instant case significantly different. The issue, therefore, is whether this panel agrees with the finding in *Lucas* that defendant had been denied the protections of MCLA 767.27a; MSA 28.966(11), and was thereby entitled to some form of relief; I do not. Having made such a determination, I deem it unnecessary to discuss the relative merits of reversing one's conviction as opposed to following the *Lucas* approach and remanding for a *nunc pro tunc* competency hearing. 47 Mich App 385, 390–391.

No claim of incompetency was made once defendant had been sent to the forensic center. No manifestations of mental incompetency, either at the hearing on May 31, or upon pleading guilty, are suggested by the record. The record clearly indicates that defendant and defendant's counsel made a knowing and intelligent decision not to pursue the claim of incompetency. Given these circumstances, it would be an exercise in futility and playing of games to remand this cause for a new trial or for a competency hearing. There can be but one foreordained result, a finding of competency. We are aware of the view that MCLA 767.27a; MSA 28.966(11), has been "liberally construed to effectuate its purposes". *People v Blocker,* 45 Mich App 138, 141; 206 NW2d 229 (1973), *lv granted,* 390 Mich 795 (1973). However, statutes are also construed to avoid absurd results. See *People v McFarlin,* 389 Mich 557, 563; 208 NW2d 504 (1973), and *Bofysil v Department of State Highways,* 44 Mich App 118, 129; 205 NW2d 222 (1972), *lv den,* 389 Mich 768 (1973).

The factual situation in the present case is clearly distinguishable from *Pate v Robinson,* 383

US 375, 378–384; 86 S Ct 836, 838–841; 15 L Ed 2d
815, 818–821 (1966), where, during trial, counsel
insisted Robinson's sanity was in issue and intro-
duced testimony that Robinson had a history of
mental instability, including the confinement in a
mental hospital, shooting his son, and various
episodes of illusion. Numerous Federal decisions
have refused to follow *Robinson* where, as in the
case now before us, the record contained no evi-
dence of incompetency to stand trial.[2]

My decision to not follow *Lucas* in no way
affects prior decisions of this Court where, in the
initial stages, there was a failure to commit to the
forensic center. My decision in this case is related
to the narrow factual situation where an accused
has been sent to the forensic center, has been
found competent, through counsel at a court hear-
ing has deliberately chosen to abandon the defense
of incompetency, and where the record fails to
reveal any manifestations of mental incompetency.
In this limited situation, I hold that despite the
apparently mandatory language of MCLA 767.27a;
MSA 28.966(11), error was not committed when
the trial court failed to hold a competency hear-
ing.

[2] *United States ex rel Evans v LaVallee,* 446 F2d 782, 786 (CA 2,
1971), *cert den,* 404 US 1020; 92 S Ct 691; 30 L Ed 2d 668 (1972);
*United States ex rel Roth v Zelker,* 455 F2d 1105, 1108 (CA 2, 1972),
*cert den,* 408 US 927; 92 S Ct 2512; 33 L Ed 2d 340 (1972); *United
States ex rel Curtis v Zelker,* 466 F2d 1092, 1099 (CA 2, 1972), *cert
den,* 410 US 945; 93 S Ct 1405; 35 L Ed 2d 612 (1973); *Splitt v United
States,* 364 F2d 594 (CA 6, 1966), *cert den,* 385 US 1019; 87 S Ct 746;
17 L Ed 2d 555 (1967); and *Conner v Wingo,* 429 F2d 630, 633 (CA 6,
1970), *cert den,* 406 US 921; 92 S Ct 1779; 32 L Ed 2d 121 (1972).