PEOPLE v PONDER

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—RIGHT TO CONFRONTATION.

A defendant must be advised of his right to confrontation prior to the acceptance of a guilty plea.

2. CRIMINAL LAW—COMPETENCY TO STAND TRIAL—STATUTES—MANDATORY HEARING—PLEA OF GUILTY.

A statute makes it mandatory for a trial court to hold a hearing on the question of competence to stand trial immediately after it receives the diagnostic report from the Center for Forensic Psychiatry even if the diagnostic report finds the defendant is competent to stand trial; therefore, it was error for the trial court to accept a defendant's guilty plea without holding a hearing to determine if the defendant was competent to stand trial where the defendant petitioned the court for commitment to a forensic center for a determination of his competency to stand trial, and where the court had received the diagnostic report of the forensic center prior to the time of acceptance of the defendant's plea (MCLA 767.27a[4]).

3. CRIMINAL LAW—COMPETENCY TO STAND TRIAL—FAILURE TO CONDUCT HEARING—PLEA OF GUILTY—REVERSAL OF CONVICTION.

The proper disposition of a case in which the trial court has erred in failing to conduct the requisite hearing on defendant's competency to stand trial before it accepted his guilty plea, where more than three years have elapsed since the time of taking of the plea, is to reverse the defendant's conviction outright, rather than remand for a hearing to determine whether the defendant was competent to stand trial at the time the plea was accepted.

Appeal from Charlevoix, Charles L. Brown, J. Submitted Division 3 February 12, 1974, at Detroit. (Docket No. 14970.) Decided May 23, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 342.
[2, 3] 21 Am Jur 2d, Criminal Law § 485.

Charles D. Ponder was convicted, on his plea of guilty, of voluntary manslaughter. Defendant appeals by leave granted. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey C. Varnum,* Prosecuting Attorney, for the people.

*Stephen B. Graham,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. On November 6, 1970, the defendant pled guilty to voluntary manslaughter, MCLA 750.321; MSA 28.553, and on December 18, 1970, was sentenced to 5 to 15 years in prison. On November 28, 1972, this Court granted the defendant's application for delayed appeal.[1]

On appeal, the defendant raises two meritorious issues: first, whether the trial court erred in failing to advise him at the plea-taking procedure of his right to confrontation, and, second, whether the trial court erred in failing to conduct a hearing to determine whether he was competent to stand trial.

With respect to the first issue, *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), requires that the defendant be advised of his right to trial by jury, his privilege against self-incrimination, and his right to confrontation, prior to the acceptance of a guilty plea. *Jaworski* applies to all guilty pleas taken after June 2, 1969. See *People v Butler,* 387 Mich 1; 195 NW2d 268 (1972), and

---

[1] This appeal was consolidated with *People v Leonard Rainwater* (No. 15132) because both appeals raised the issue of the trial court's failure to advise the defendant of his constitutional right to confrontation. Nonetheless, we deem it advisable to issue separate opinions because of the presence of the competency hearing issue in this case.

*People v McMillan,* 389 Mich 114; 204 NW2d 682 (1973).

As noted above, defendant Ponder's guilty plea was accepted on November 6, 1970; thus, he was entitled to be advised on the record of the rights enunciated in *Jaworski.* A careful review of the transcript of the plea proceeding indicates that at no time during that proceeding was the defendant advised of his right to confront his accusers.[2] This was error and mandates reversal.

With respect to the second issue raised by defendant, the record indicates that, on September 3, 1970, the defendant petitioned the trial court for commitment to the Center for Forensic Psychiatry to determine whether or not he was competent to stand trial. On September 17, 1970, an order committing the defendant to the custody of the Center for Forensic Psychiatry was filed by the trial court. At the plea-taking proceedings, on November 6, the trial court indicated that the forensic center had concluded that the defendant was competent to stand trial, but the requisite judicial hearing to determine that issue was never held.

According to MCLA 767.27a(4); MSA 28.966(11)(4), after the court receives the diagnos-

---

[2] *"The Court:* But, first of all I want to make sure now, Mr. Ponder, that you do understand all of your rights. I believe when you first came in here you were advised of your rights to a jury trial, that you would not have to take the witness stand, and if you decided not to take the witness stand there could be no mention made—no inference as we call it raised—that you must, for example, be guilty of murder or you would have been willing to take the witness stand; it could not even be mentioned; and you are presumed to be innocent until proven guilty, all the way through the trial, and if the prosecution did not prove you guilty beyond a reasonable doubt, and have the twelve jurors agree with that, it would be the duty of the jury to let you go free. You are entitled to counsel all the way through, and you have counsel now; and I take it you have had a chance to ask Mr. Hoffman and Mr. Zerafa any questions you didn't understand and get their answers, so you feel you do understand all your rights now, don't you?

*"Defendant:* Yes, sir."

tic report it is required immediately to hold a hearing on the question of competence to stand trial,[3] at which the diagnostic report is admissible as evidence. The court, and not the forensic center, is given the responsibility of making the final determination of competency. This Court has repeatedly held that the foregoing statute makes it mandatory upon the trial court to hold a hearing on the question of the defendant's competency, once the diagnostic report is received, even if the diagnostic report finds the defendant is competent to stand trial. Failure to hold such a hearing was error. See *People v Chase,* 38 Mich App 417; 196 NW2d 824 (1972); *People v Lowe,* 41 Mich App 310; 199 NW2d 871 (1972); *People v Oligney,* 41 Mich App 646; 200 NW2d 786 (1972); and *People v Lucas,* 47 Mich App 385; 209 NW2d 436 (1973).

Therefore, in the case at bar, the lower court committed error by accepting the defendant's guilty plea without holding a hearing to determine if he was competent to stand trial.

In the past, the most troublesome aspect of the competency hearing problem was the proper disposition of a case in which the trial court had erred in failing to conduct the requisite hearing. In *People v Lucas, supra,* this Court, having found that the trial court erred in failing to conduct the competency hearing, nonetheless refrained from reversing the defendant's conviction outright. Rather, the Court noted:

"The trial judge's failure to conduct the requisite

[3] "Upon receipt of the diagnostic report and recommendations the sheriff shall immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings." MCLA 767.27a(4); MSA 28.966(11)(4).

hearing does not ipso facto necessitate a reversal of defendant's conviction. The error caused by this failure can be cured by a remand for the appropriate examination with disposition governed by the outcome of such examination. *Cf. People v Pena,* 383 Mich 402; 175 NW2d 767 (1970). Accordingly, we remand and direct a competency hearing to be conducted. If defendant is found to have been competent to stand trial at the time he pled guilty, his conviction is affirmed. Contrariwise, if defendant is found to have been incompetent to stand trial at the time he pled guilty, his conviction shall be set aside and a new trial granted." 47 Mich App 385, 390–391.[4]

In our view, this disposition ignores the obvious fact that a person can be competent to stand trial at one time and not competent to stand trial at another. The incompetence to stand trial might become apparent to a trial judge if the defendant were called to testify in the serious atmosphere and pressures of the court room, where such irrationalities might be revealed. To hold a hearing at the present time, in order to determine whether or not a person was competent to stand trial at some time in the past, would be to deprive the trial judge, who must decide the question, of this very important test. The only other evidence available to a trial judge for assistance in this determination of whether a person was competent to stand trial, would be the report of the testing center or the report of the psychiatrist who wrote the report. However, in almost all of the cases cited, it was because the report and the people who prepared it indicated that the defendant was competent, that the judge decided to go to trial.

Thus, when a case is remanded for a hearing to

---

[4] Relying on *Lucas, supra,* another panel of this Court remanded for an *ex post facto* competency hearing in *People v McGoldrick,* 51 Mich App 578; 215 NW2d 711 (1974).

determine whether or not a defendant was competent to stand trial at the time the plea was accepted, the judge is deprived of some of the most important evidence, such as the testimony of the defendant himself at the time when he is about to stand trial, and the result is almost a foregone conclusion.

The practice of remand by an appellate court to the trial court for a hearing to determine if such a defendant was competent to stand trial at the time his plea was accepted has been disapproved by the United States Supreme Court:

"It has been pressed upon us that it would be sufficient for the state court to hold a limited hearing as to [the defendant's] mental competence at the time he was tried in 1959. If he were found competent, the judgment against him would stand. But we have previously emphasized the difficulty of retrospectively determining an accused's competence to stand trial. *Dusky v United States,* 362 US 402, 80 S Ct 788, 4 L Ed 2d 824 (1960). The jury would not be able to observe the subject of their inquiry, and expert witnesses would have to testify solely from information contained in the printed record. That [the defendant's] hearing would be held six years after the fact aggravates these difficulties. This need for concurrent determination distinguishes the present case from *Jackson v Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908 (1964), where we held that on remand the State could discharge its constitutional obligation by giving the accused a separate hearing on the voluntariness of his confession." *Pate v Robinson,* 383 US 375, 387; 86 S Ct 836, 843; 15 L Ed 2d 815 (1966).

Accordingly, we conclude that where more than three years have elapsed since the time of taking the plea, the better practice under the existing circumstances is to reverse and remand.

Reversed and remanded.