PEOPLE v WALKER

OPINION OF THE COURT

1. CRIMINAL LAW—INSANITY DEFENSE—NOTICE—DISCRETION.

A trial court abused its discretion by not allowing an adjournment so that the defendant could give the required four-day notice of an insanity defense where counsel was the defendant's third appointed counsel and was only able to meet briefly with the defendant before representing him at the trial, insanity was claimed to be the defendant's only possible defense, the insanity defense was raised on the first day of trial, and the defendant previously had been found incompetent to stand trial.

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COMPETENCE HEARING—WAIVER.

A defendant who may be incompetent to stand trial cannot knowingly and intelligently waive his right to have the court determine his competency.

3. CRIMINAL LAW—COMPETENCE HEARING—WITNESSES—WAIVER—ASSISTANCE OF COUNSEL.

A defendant who is represented by counsel may waive the presence of the examining psychiatrist at a competency hearing and consent to the admission of the report of the Center for Forensic Psychiatry as evidence at the hearing.

4. CRIMINAL LAW—COMPETENCE HEARING—WITNESSES—WAIVER—STATUTES.

A competency hearing satisfied the requirements of the applicable statute where the defendant was represented by counsel, a detailed report of the findings of the Center for Forensic Psychiatry was made to the court which concluded that the defendant was competent to stand trial, after defense counsel had an opportunity to evaluate the report, the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1–9] 21 Am Jur 2d, Criminal Law §§ 54, 62, 63, 72.
Investigation of present sanity to determine whether accused should be put, or continue, on trial. 142 ALR 961.

waived his right to have the examining psychiatrist appear and waived his right to call witnesses to give rebuttal testimony, the court thereupon considered the report, and determined that the defendant was competent to stand trial (MCLA 767.27a).

CONCURRENCE IN PART, DISSENT IN PART BY LESINSKI, C. J.

5. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—DUE PROCESS.

*Due process is offended by the trial of a defendant who is unable to understand or assist in the proceedings against him, for the prohibition against trying an incompetent defendant is fundamental to an adversary system of justice.*

6. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COMPETENCE HEARING—EVIDENCE.

*A Department of Mental Health opinion that a defendant was competent to stand trial is only evidence to be considered in a judicial determination of competency, not a substitute for the statutorily required judicial hearing.*

7. CRIMINAL LAW—COMPETENCE HEARING—WAIVER.

*A signed waiver of a defendant's right to have the court determine his competency to stand trial must be viewed as meaningless; a trial court's failure to hold a hearing to determine a defendant's competency was reversible error even though the defendant signed a "waiver of competency form".*

8. CRIMINAL LAW—INSANITY DEFENSE—NOTICE—DISCRETION—STATUTES.

*A trial court was given discretion by statute to exclude evidence of a defendant's insanity where the statutorily required four-day notice of an insanity defense had not been given to the prosecutor in cases in which the arraignment occurred before May 1, 1974 (MCLA 768.20, 768.21).*

9. CRIMINAL LAW—INSANITY DEFENSE—NOTICE—ABUSE OF DISCRETION.

*Refusal to allow a defendant to raise his insanity defense after an appropriate adjournment was an abuse of discretion serious enough to be deemed reversible error where the defendant had been found incompetent less than a year before his trial and had not yet been ruled competent to stand trial, defendant had told all three of his attorneys that his only defense was insanity and this was known by the trial judge, and prejudice to the prosecutor would have been very insignificant since defense*

*counsel had requested a continuance to give the prosecutor at least a four-day notice of the insanity defense.*

Appeal from Recorder's Court of Detroit, John Patrick O'Brien, J. Submitted March 10, 1975, at Detroit. (Docket No. 17495.) Decided October 27, 1975. Leave to appeal denied, 396 Mich 817.

Willie E. Walker was convicted of unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *John C. Mouradian,* Assistant Prosecuting Attorney, for the people.

*Theodore B. Sallen (Carl Ziemba,* of counsel), for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and D. F. WALSH, JJ.

D. F. WALSH, J. I agree with Judge LESINSKI that the defendant's conviction must be reversed on the grounds that the trial court abused its discretion in not allowing an adjournment so that the prosecution could be given the formerly required four-day notice of an insanity defense.

However, I disagree with the conclusion that the procedure followed in the trial court relative to the competency hearing was reversibly erroneous.

It is well settled that a defendant who may be incompetent to stand trial cannot knowingly and intelligently waive his right to have the court

determine his competency.[1] It is not improper, however, for a defendant who is represented by counsel to waive the presence of the examining psychiatrist at the competency hearing and to consent to the admission of the report of the forensic center as evidence at the hearing.[2] As I read the record, that is what happened in this case.

The pertinent portion of the waiver signed by the defendant reads as follows:

"I, Willie Edward Walker, being the defendant in the above entitled cause, having been arraigned therein on the charge of (1) RA (2) assault W/I and having been referred to the Forensic Center for psychiatric evaluation and written report having been filed by _____ and _____ finding me competent to stand trial, I do hereby in open court voluntarily waive and relinquish my right to a competency hearing *at which testimony is taken.*"(Emphasis supplied.)

In my judgment this is not a waiver of defendant's right to a competency hearing but a waiver of his right to have the examining psychiatrist appear in court to testify and his right to call his own witnesses to give rebuttal testimony. Supporting this conclusion is the following entry found on the file jacket used in the trial court.

"Dec 1, 1972
Deft waives *Doctor's testimony.* Court Finds That Defendant is Able to Stand Trial and So Orders * * * .

[1] *Pate v Robinson,* 383 US 375; 86 S Ct 836; 15 L Ed 2d 815 (1966), *People v Lucas,* 47 Mich App 385; 209 NW2d 436 (1973).

[2] The statute makes specific provision that the report of the forensic center shall be admissible in evidence at the competency hearing.

"The certificate and psychiatric report shall be admissible as evidence in the [competency] hearing, but not for any other purpose in the pending criminal proceedings." MCLA 767.27a(6); MSA 28.966(11)(6).

"Hon Joseph A Gillis" (Emphasis supplied.)

Based on the foregoing I find no improper waiver of competency hearing in this case. The defendant was represented by counsel. He was given a comprehensive psychiatric evaluation by a psychiatrist at the Center for Forensic Psychiatry at the Ionia State Hospital. A detailed report of the center's findings was made to the court. The report concluded that the defendant was competent to stand trial. The defendant's counsel had an opportunity to evaluate the report and apparently decided not to contest the findings and that nothing would be gained by requiring the psychiatrist to appear at the hearing in order to give his testimony in person. Accordingly defendant waived his right to have the doctor appear and his right to call witnesses to give rebuttal testimony. The court thereupon considered the report, which was apparently the only evidence submitted, and determined the defendant to be competent to stand trial.

This hearing satisfies the requirements of the applicable statute. MCLA 767.27a; MSA 28.966(11).

Reversed and remanded.

V. J. BRENNAN, J., concurred.

LESINSKI, C. J. *(concurring in part; dissenting in part)*. In March of 1972, defendant took over $100 in a robbery at a Detroit bar. In May of 1973 he was tried in Detroit Recorder's Court on the charge of unarmed robbery, MCLA 750.530; MSA 28.798. Judge John Patrick O'Brien, sitting without a jury, found defendant guilty and sentenced him to 10 to 15 years in prison. Defendant's appeal from his conviction presents two significant issues.

On April 5, 1972, after defendant's arraignment,

his appointed counsel moved to have him committed to the Center for Forensic Psychiatry for an evaluation of his competency to stand trial. Pursuant to the procedure then found in MCLA 767.27a(3); MSA 28.966(11)(3), Judge A. R. DeBiasi ordered the commitment. Judge Joseph A. Gillis held a hearing on defendant's competency on April 28, 1972. He ruled defendant incompetent to stand trial and ordered him committed to the Department of Mental Health. On November 17, 1972, the department certified its opinion that defendant was then competent to stand trial. A psychiatric report on defendant accompanied the certified opinion to the committing court. On November 24, 1972, Judge Gillis ordered defendant returned to Wayne County Jail. Though MCLA 767.27a(6); MSA 28.966(11)(6) states that at this point: "The court shall immediately hear and determine the question of competence to stand trial", no hearing was held. Instead, defendant and his first attorney, who still represented defendant at this point, signed a "waiver of competency hearing" form on December 1, 1972.

The defendant contends that his conviction must be reversed because the court failed to hold the statutorily required hearing. His contention has merit.

Due process is offended by the trial of a defendant who is unable to understand or assist in the proceedings against him, for "the prohibition [against trying an incompetant] is fundamental to an adversary system of justice". *Drope v Missouri,* 420 US 162, 172; 95 S Ct 896, 904; 43 L Ed 2d 103, 113 (1975). When the question of a defendant's competency is a legitimate one, both the constitution and this state's statutes require that it receive judicial consideration. "If there be *evidence* of

incompetence, the issue must be decided." *People v Blocker,* 393 Mich 501, 510; 227 NW2d 767 (1975). Defendant here did more than merely offer evidence of his incompetency; he was adjudged incompetent in a hearing and subsequently committed. The Department of Mental Health's later opinion that he was competent is only evidence to be considered in a judicial determination, not a substitute for the statutorily required judicial hearing. *People v Chase,* 38 Mich App 417; 196 NW2d 824 (1972).

The signed waiver must be viewed as meaningless. "But it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Pate v Robinson,* 383 US 375, 384; 86 S Ct 836, 841; 15 L Ed 2d 815, 821 (1966). This Court has refused to give effect to supposed waivers of a defendant's right to a competency hearing, *People v Lucas,* 47 Mich App 385; 209 NW2d 436 (1973), *People v Anderson,* 53 Mich App 60; 218 NW2d 412 (1974), or even his right to be present at his competency hearing, *People v Thompson,* 52 Mich App 262; 217 NW2d 63 (1974).

The recent Supreme Court decisions dealing with competency hearing requirements, *People v Blocker, supra,* and *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975), give us no cause to doubt that it was reversible error not to hold a hearing to determine defendant's competency. *Blocker* ruled some evidence of incompetency must be offered before a defendant's right to a hearing becomes operative. In *Lucas,* the Supreme Court dealt with the appropriate remedy for noncompliance with procedural requisites when evidence of incompetency is lacking. In a footnote the Court

pointed out that the validity of a waiver by counsel of a defendant's right to a hearing was not before it. 393 Mich at 528, n 5.

*Lucas* held that where no evidence of incompetency has been previously offered the appropriate remedy for failure to hold a required hearing is a motion for new trial accompanied by affidavits and other evidence of defendant's incompetence at the time of his original trial. A duly supported motion would require the trial court to hold a hearing. This remedy is inappropriate when a defendant made a strong showing of incompetency prior to his original trial. Nor would a *nunc pro tunc* hearing be the most fitting remedy for defendant, in view of the already lengthy delays in this case. Instead we reverse and remand for a new trial.

We must also consider defendant's claim that the trial court abused its discretion by not adjourning the trial to allow defendant time to give the prosecution the four-day notice formerly required when an insanity defense was presented.

Defendant's third appointed counsel represented him at trial. The first withdrew for reasons undisclosed, while the second, relying on a psychiatric evaluation, disagreed with defendant on whether to assert an insanity defense. Because he was involved in another trial, defendant's trial counsel was only able to meet briefly with defendant from the time of his appointment in April of 1973 until defendant's trial the next month. Defendant told his attorney that insanity was his only possible defense, and this defense was raised on the first day of trial. The trial judge would not allow the defense to be presented, since the four-day notice then required by MCLA 768.20; MSA 28.1043, had not been given. MCLA 768.21; MSA 28.1044 gave the court discretion to exclude evidence of defendant's insanity when the required notice had not been given. The trial court refused defense coun-

sel's motion for a continuance to give the prosecutor the four-day notice.

This Court has placed emphasis upon a defendant's personal culpability and possible prejudice to the prosecution when reviewing a trial court's refusal of a defense request made before trial is under way to present alibi or insanity witnesses. See, for example, *People v Robinson,* 54 Mich App 704; 221 NW2d 596 (1974), *People v Tyrone Williams,* 38 Mich App 146; 195 NW2d 771 (1972), *People v Sherrod,* 32 Mich App 183; 188 NW2d 221 (1971).

Here we find it difficult to place any blame upon the defendant personally. He had been found incompetent, less than a year before his trial, and had not yet been ruled competent to stand trial. He had told all three of his attorneys that his only defense was insanity. This was known by the trial judge.

Prejudice to the prosecutor in this case would have been very insignificant, for the defense counsel requested a continuance to give the prosecutor at least a four-day notice. Thus, the prosecutor would have had as much time as he would have had with proper notice.

Nevertheless, the trial court refused to grant a continuance, emphasizing the docket problems and inconvenience to prosecution witnesses it would cause. These factors deserve some consideration, but they should not block earnest efforts by defendant to present his only defense. On the facts of this case, the refusal to allow defendant to raise his insanity defense after an appropriate adjournment was an abuse of discretion on a matter serious enough to be deemed reversible error.

This case is reversed and remanded for a new trial and such further proceedings as are necessary.