PEOPLE v HAMM

1. CRIMINAL LAW—MENTAL HEALTH CODE—STATUTES—EFFECTIVE
   DATE.
   The provisions of the Mental Health Code do not apply to a
   criminal proceeding which was commenced prior to the effec-
   tive date of the code and a criminal proceeding so commenced
   must therefore be reviewed in light of the prior law (MCLA
   330.1001 *et seq.;* MSA 14.800[1] *et seq.).*

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COMPETENCY HEAR-
   ING—STATUTES.
   A trial court must conduct a formal inquiry when the issue of a
   defendant's competence to stand trial is first raised, and the
   issue of the defendant's competence is an ongoing concern of
   the court and may be raised at any time during or after trial
   (MCLA 767.27a; MSA 28.966[11], GCR 1963, 786.1–786.7).

3. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—EVIDENCE OF IN-
   COMPETENCE—NEW TRIAL—COURT RULES.
   Evidence of a defendant's incompetence to stand trial must be
   shown in order to properly place the issue of incompetence
   before the trial court, and even where such evidence exists,
   neither the failure to follow the court rule regarding procedure
   incident to raising the issue of incompetence nor the failure to
   hold a competency hearing ipso facto entitles the defendant to
   a new trial (GCR 1963, 786).

4. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—MISTRIAL—SEPA-
   RATE HEARING—COURT RULES.
   A trial court did not err by finding a defendant incompetent to
   stand trial where during the trial substantial evidence of
   incompetence appeared and a mistrial was subsequently de-
   clared without holding a separate adversary hearing, where the
   record shows that prior to trial there were two hearings, the

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Statutes § 350.
[2–4, 7] 21 Am Jur 2d, Criminal Law §§ 32, 62–74.
[5] 21 Am Jur 2d, Criminal Law § 175.
[6] 5 Am Jur 2d, Appeal and Error § 762.

defendant had undergone psychiatric evaluation, and the court had found the defendant barely competent to stand trial (GCR 1963, 786.6).

5. CRIMINAL LAW—JEOPARDY—NONJURY TRIAL—MISTRIAL.

Jeopardy attaches in a nonjury trial when the trial judge begins to hear evidence; when a mistrial is called after jeopardy has attached and without the defendant's consent, it must be determined whether the mistrial was required by a manifest necessity or by the ends of public justice.

6. APPEAL AND ERROR—MOOT ISSUES.

Appellate courts should not decide moot issues.

7. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—DISPOSITION OF DEFENDANT—STATUTES.

A trial judge, upon finding a defendant incompetent to stand trial, has the power to order the defendant committed to the department of mental health for treatment; the further disposition of the defendant is the responsibility of the department of mental health which, within 18 months, must return the defendant for a hearing to determine his competence or custody of the defendant must be transferred to the probate court (MCLA 767.27a; MSA 28.966[11]).

Appeal from St. Clair, James S. Thorburn, J. Submitted May 11, 1977, at Detroit. (Docket No. 29671.) Decided October 25, 1977. Leave to appeal denied, 402 Mich 888.

William E. Hamm was charged with first-degree murder and assault with intent to murder. During the trial, defendant was found incompetent to stand trial, and the trial court declared a mistrial. Defendant moved for a continuance or, in the alternative, for dismissal of the information. Motion denied. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Cummings, Monaghan, Thomas & McColl,* for defendant.

Before: N. J. Kaufman, P. J., and V. J. Brennan and D. C. Riley, JJ.

V. J. Brennan, J. Defendant William Ernest Hamm appeals the order of acting St. Clair Circuit Judge James S. Thorburn entered December 18, 1975, granting a mistrial in defendant's prosecution for first-degree murder, contrary to MCLA 750.316; MSA 28.548, and assault with intent to murder, contrary to MCLA 750.83; MSA 28.278. Pursuant to this same order, defendant was committed to the Center for Forensic Psychiatry as incompetent to stand trial. His motion for continuance or, in the alternative, for dismissal of the information was also denied. Defendant appeals by leave granted.

Defendant was charged on July 12, 1975. On July 24, 1975, he waived preliminary examination and was bound over to the St. Clair County Circuit Court. On motion of the defense, he was committed to the forensic center on August 4, 1975, for an evaluation of his competence to stand trial.

A competency hearing was held on September 13, 1975, at the conclusion of which St. Clair Circuit Judge Halford I. Streeter found defendant competent to stand trial. That conclusion was also drawn by examining psychiatrist Dennis S. Koson in the center's diagnostic report and recommendations dated August 24, 1975.

On October 7, 1975, St. Clair County Circuit Judges disqualified themselves and Oakland Circuit Judge James S. Thorburn was assigned to the case. On November 7, 1975, defendant was re-admitted to the forensic center for seven days, during which he was re-examined by Dr. Koson.

Immediately prior to the commencement of trial on November 18, 1975, Dr. Koson was permitted to testify regarding facts he thought necessary to bring to the court's attention. He expressed the opinion that defendant "is barely competent to stand trial" and that "there is a significant risk of deterioration, including potential violence". Consequently, arrangements were made for the defense to retain a consulting psychiatrist "on call", in view of which the judge determined that defendant was competent to stand trial.

Trial began November 18, 1975. The prosecution called 22 witnesses and introduced 66 exhibits, concluding its case in chief on November 21, 1975. Defendant's mother testified on November 24, 1975, as the fourth defense witness. Near the conclusion of her direct examination, she started to cry, whereupon defendant threw a chair at the prosecutor. Defendant was removed from the courtroom and trial was recessed for the morning.

When proceedings resumed that afternoon, defense counsel made a record of the arrangements made with the defendant over the noon recess. They included an agreement that defendant would absent himself from the courtroom for the balance of his mother's testimony, and that of his father, and that he would not testify himself. Defense counsel represented to the court that defendant would have taken the stand if part of his delusions had not included the prosecuting attorney. However, defense counsel felt that because of the prosecutor's presence, defendant would be likely to disrupt the proceedings. Therefore, his judgment was that defendant should not be put on the stand. Defense counsel also advised that evidence that would have been introduced through the defendant's testimony could be elicited and produced from other witnesses.

Thereupon, the trial judge declared a mistrial and ordered defendant committed to the forensic center as incompetent to stand trial:

"This Court therefore is of the opinion that this cause should be declared a mistrial. That the respondent is hereby determined to be unfit to assist counsel, unfit to stand trial, and, therefore, is ordered remanded to the custody of the Forensic Center.

"In this Court's opinion on the record before it this defendant should be incarcerated for the rest of his natural life. The risk to himself and to society is so great that this would appear to be the only obvious course of action for the Forensic Center to take now or forevermore."

The declaration of mistrial was made without direct prior notice to defendant or consultation with defense counsel, and was without defendant's consent, the court having been advised that the defense was prepared to proceed with the trial.

On December 8, 1975, defense counsel filed a motion for continuance, or, in the alternative, for dismissal of the information, for the purpose of securing a hearing on the competence issue or dismissal on grounds that double jeopardy precluded further proceedings on the criminal charges. On December 18, 1975, the judge entered two orders, one formally declaring a mistrial and committing defendant to the forensic center until restored to competence, and the other denying defense counsel's motion for a continuance or for dismissal of the information.

On appeal, defendant brings three allegations of error. We will discuss them in the order stated.

Defendant first alleges that the trial court erred in determining him incompetent during the course of trial without affording him a hearing on that

issue. Competence to stand trial in this case must be reviewed according to the provisions of MCLA 767.27a; MSA 28.966(11). The new Mental Health Code, 1974 PA 258 (see especially MCLA 330.2020 *et seq.;* MSA 14.800(1020) *et seq.)* only became effective August 6, 1975. See 1975 PA 179, amending MCLA 330.2102; MSA 14.800(1102). See also *People v Matheson,* 70 Mich App 172, 175; 245 NW2d 551 (1976). Consequently, as proceedings against defendant were only commenced July 12, 1975, we do not find the new Mental Health Code applies here.

In reviewing the statute,[1] we find that the issue of competence to stand trial may be raised by any

---

[1] MCLA 767.27a; MSA 28.966(11) reads in part as follows:

"(1) A person accused of a crime who is incompetent to stand trial shall not be proceeded against while he is incompetent. A person is incompetent to stand trial within the meaning of this section if he is incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner.

"(2) The issue of competence to stand trial may be raised by the prosecuting attorney, defense counsel, by any interested person on leave of the court, or by the court on its own motion. The time and form of the procedure incident to raising the issue of competence shall be provided by court rule.

"(3) Upon a showing that the defendant may be incompetent to stand trial, the court shall commit the defendant in the criminal case to the custody of the center for forensic psychiatry or to any other diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation. The commitment shall be for a period not to exceed 60 days. Within that period the center or other facility shall prepare a diagnostic report and recommendations which are to be transmitted to the committing court.

"(4) Upon receipt of the diagnostic report and recommendations the sheriff shall immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings.

"(5) If the defendant is adjudged to be incompetent to stand trial, he shall be committed to the department of mental health for treatment in a public institution approved for the purpose by the department of mental health."

interested person or *by the court on its own motion.* Upon a showing that defendant may be incompetent to stand trial, the court is to commit defendant to the forensic center "for the performance of forensic psychiatric evaluation" for a period not to exceed 60 days. MCLA 767.27a(3); MSA 28.966(11)(3). Upon receiving the diagnostic report, the court "shall immediately hear and determine the issue of competence to stand trial" and, if defendant is adjudged to be incompetent, "he shall be committed to the department of mental health for treatment". MCLA 767.27a(4), (5); MSA 28.966(11)(4), (5). GCR 1963, 786[2] provides for the procedure incident to raising the issue of incompe-

---

[2] GCR 1963, 786 reads as follows:

".1 The issue of a defendant's competence to stand trial as defined in Act No. 266 of the Public Acts of 1966 may be raised at any time before trial by a written motion to commit the defendant to the department of Mental Health.

".2 The issue of defendant's competence to stand trial may be raised during trial only by the trial court on its own motion.

".3 If defendant is the moving party, the court shall order the defendant committed to a diagnostic facility certified by the department of Mental Health for the performance of forensic psychiatric evaluation for a period not to exceed 60 days from the date of the commitment order.

".4 If the motion is not made by the defendant, the court shall order the defendant to show cause why he should not be committed to an approved diagnostic facility certified by the department of Mental Health for the performance of forensic psychiatric evaluation, for a period not to exceed 60 days from the date of the commitment order.

".5 When a defendant has been committed to an approved diagnostic facility certified by the department of Mental Health for the performance of forensic psychiatric evaluation, the motion to commit the defendant to the department of Mental Health shall stand adjourned pending receipt of the diagnostic report and recommendation of the facility.

".6 Where the issue of a defendant's competence to stand trial is raised during the trial by the court, the trial of the cause shall be continued or a mistrial declared as the court shall in its discretion deem appropriate.

".7 If upon the hearing on the motion the defendant shall be adjudged incompetent to stand trial, he shall be committed to the department of Mental Health pursuant to Act No. 266 of the Public Acts of 1966, and the pending criminal proceedings against such defendant shall stand adjourned until the further order of the court."

tence, including provision for a show cause hearing where the issue is raised by other than defendant, and discretionary prerogative in the trial court for continuing the case or declaring a mistrial as deemed appropriate at the time. GCR 1963, 786.4; 786.6.

In the present case, defendant was committed to the forensic center for psychiatric evaluation prior to trial. Following a hearing on September 15, 1975, he was found competent to stand trial. Shortly before trial, further testimony was received by Dr. Koson regarding his precarious mental state, and the trial judge again determined that defendant was competent. Four days later, after the violence defendant demonstrated in throwing a courtroom chair at the prosecuting attorney, defendant was summarily adjudged incompetent to stand trial and committed without a further psychiatric evaluation and without an adversary hearing on the issue.

We recognize that when the issue of defendant's competence is first raised, the trial court must conduct a formal inquiry. MCLA 767.27a; MSA 28.966(11); GCR 1963, 786.1–786.7. *People v Ponder,* 57 Mich App 94, 96–97; 225 NW2d 168 (1974), *People v McShan,* 53 Mich App 407, 413–414; 219 NW2d 792 (1974). We also recognize that whether defendant is competent to stand trial or not is an ongoing concern of the trial court and that at any time during or after trial the issue of competence may be raised. *People v Belanger,* 73 Mich App 438; 252 NW2d 472 (1977), *People v Matheson, supra* at 179.

However, in order to properly place the issue before the trial court, evidence of incompetence must be shown. *People v Blocker,* 393 Mich 501, 508–510; 227 NW2d 767 (1975), *People v Lucas,*

393 Mich 522, 527–529; 227 NW2d 763 (1975). Further, even where evidence of incompetence appears, neither "the failure to follow the court rule or the failure to hold a hearing ipso facto entitles a defendant to new trial". *People v Blocker, supra* at 510. In reviewing defendant's claim that he did not receive a proper competency hearing, we will reverse the trial court only if we find an abuse of discretion. *People v Matheson, supra* at 184.

The statute and court rules in the matter of competency determinations do not speak directly to the problem presented in this case. No provision exists in either which would guide the court in determining what to do when competence may become an issue during trial after a prior determination of competence. The statutes and court rules seem to address only those situations in which the issue of competence has not been raised previously. However, we do find authority in recent decisions for the proposition that because competence is an ongoing concern, the trial court should not place absolute reliance on any prior competence determination. *People v Belanger, supra, People v Matheson, supra* at 179.

The question of competence in this case was raised before trial and *two* prior hearings were held on September 14, 1975, and November 18, 1975, preceding the ultimate determination by the court during trial that defendant was not competent. Though these prior hearings both ended by finding defendant competent to stand trial, the evidence presented was so inconclusive that Dr. Koson could state only that defendant was *barely* competent. In fact, defendant was characterized as agitated, angry, and obsessed with delusions of poisoning and conspiracy. A significant risk of

deterioration appeared likely during trial, including potential violence. Testimony indicated a serious risk of "explosion" were defendant to hear certain psychiatric testimony or were defendant to take the stand. Chances of defendant's condition worsening during trial were placed at better than 50%. Certainly, the record shows that various precautions were necessary in order to protect against the real possibility of disruption to the trial proceedings.

We might note that though the facts in *Belanger* and *Matheson* appear similar to this case, they vary in important respects. In *Belanger,* where two hearings were held to determine competence to stand trial prior to the time the trial court accepted defendant's plea, those two hearings were held in relation to two other cases in which defendant was charged. In the case to which defendant pled and from which he appealed, he did not receive a separate hearing to decide his competence to stand trial prior to entering his plea. Consequently, we see little resemblance between the two cases.

On the other hand, in *Matheson,* where a hearing was held to determine competence to stand trial prior to acceptance of defendant's guilty plea, we reversed because the court's remarks indicated he held serious doubts about defendant's competence "but did not recognize his ability to make an independent determination of competence". *People v Matheson, supra* at 184. We find no parallel here when the trial court explicitly reversed his prior determination of competence based upon his subsequent observations during trial.

We believe the trial court should not be compelled in every instance to hold a separate competency hearing whenever evidence of incompetence

arises during trial. In this case, the information obtained at the prior hearings coupled with the judge's present impressions during trial provided him with all the information necessary to properly determine defendant incompetent to stand trial when he did. In short, we hold that where the trial court has twice complied with the existing statute and court rule in determining defendant barely competent to stand trial, and where substantial evidence of incompetence later appears at trial, the court will not be in error by finding defendant incompetent without holding another separate adversary hearing.

Given that no procedural error occurred by the way in which the issue of defendant's competence was raised by the trial court, we find proper his subsequent declaration of mistrial. GCR 1963, 786.6.

Defendant argues secondly that the trial court erred by denying defendant's motion praying for the alternative relief of dismissal of the information after the trial court denied his motion for a continuance for the purpose of holding a hearing on the court-raised issue of his competence.

GCR 1963, 786.6 provides for the declaration of a mistrial where the issue of defendant's incompetence is properly raised:

"Where the issue of a defendant's competence to stand trial is raised during the trial by the court, the trial of the cause shall be continued or a mistrial declared as the court shall in its discretion deem appropriate." GCR 1963, 786.6.

However, determination that the trial court's action was proper under the court rule does not alone dispose of the issue. We must determine whether double jeopardy precludes retrial where

the mistrial was declared without the consent of the defendant.

The double jeopardy clause of the Fifth Amendment would not preclude further prosecution in this case. In a non-jury trial, jeopardy attaches when the trial judge begins to hear evidence. *Serfass v United States,* 420 US 377, 388; 95 S Ct 1055; 43 L Ed 2d 265 (1975). When jeopardy has attached, a court is called upon to determine whether a declaration of a mistrial without defendant's consent was required by a "manifest necessity" or "the ends of public justice". *Illinois v Somerville,* 410 US 458, 468; 93 S Ct 1066; 35 L Ed 2d 425 (1973).

In the present case, we must determine whether a "scrupulous exercise of judicial discretion" leads to the conclusion that the "ends of public justice" would not have been served by continuation of the proceedings. *United States v Jorn,* 400 US 470, 485; 91 S Ct 547; 27 L Ed 2d 543 (1971). The trial court acted properly. On the one hand is a statutory mandate derived from the due process clause that a defendant may not be prosecuted while incompetent. MCLA 767.27a(1); MSA 28.966(11)(1). On the other hand is the clear court rule provision that where the issue of incompetence is raised during trial by the court the trial "shall be continued or a mistrial declared as the court shall in its discretion deem appropriate". GCR 1963, 786.6.

In order to find that the declaration of mistrial barred reprosecution in this case, we would have to find an abuse of discretion in the trial court's action. *People v Matheson, supra* at 184, *People v Wilson,* 397 Mich 76, 80–81; 243 NW2d 257 (1976). We do not find an abuse of discretion here. In fact, manifest necessity arose when the potential of defendant's violent behavior reasonably justified

terminating the proceeding in order to avoid further injury to those involved. *People v Duplissey,* 380 Mich 100, 103–104; 155 NW2d 850 (1968). In any event, we find no grounds to rule the court abused its discretion by declaring a mistrial.

Defendant finally argues that an order determining an accused incompetent to stand trial constitutes a "final" order appealable as of right. This issue is moot due to the fact that this Court granted defendant's application for leave to appeal. Appellate courts will not decide moot issues. *Darnall v McKitrick,* 328 Mich 183, 184; 43 NW2d 320 (1950). See also, *Gildemeister v Lindsay,* 212 Mich 299, 302; 180 NW 633 (1920).

On March 14, 1977, the trial court on order of another panel of this Court dated March 11, 1977, conducted another competency hearing and again found defendant not competent to stand trial. Though we do not question the court's finding of continuing incompetence at that point, we feel the need to observe that the court was beyond its discretion in December, 1975, by initially ordering defendant "incarcerated for the rest of his natural life" or that he be sent to the forensic center "now or forevermore". The judge's responsibility in such situations is defined by statute. MCLA 767.27a; MSA 28.966(11). He has the power, which he properly exercised, to order defendant committed to "the department of mental health for treatment in a public institution approved for the purpose by the department of mental health". MCLA 767.27a(5); MSA 28.966(11)(5).

However, from this time on, the initiative to affect defendant's position relative to his continued commitment is reposed in the department of mental health and its agencies, the forensic center being one of them. MCLA 767.27a(6), (7); MSA

28.966(11)(6), (7). Under these statutory provisions, the supervising agency is responsible for certifying defendant competent to stand trial, if they so determine within 18 months of the original finding of incompetence, and returning defendant to the trial court, with this recommendation and a full contemporaneous medical report. MCLA 767.27a(6); MSA 28.966(11)(6). The trial court shall then "hear and determine the question of competence to stand trial". This decision must be made within 18 months of the original commitment.

If in the opinion of the mental health department defendant cannot recover competence within 18 months or in fact does not become competent within 18 months, then custody is transferred to the probate court of the county in which defendant was originally found incompetent, upon required certification of the supervising agency and submission of a "detailed psychiatric report". MCLA 767.27a(7); MSA 28.966(11)(7). This situation does not pertain as yet here, though the point of decision in this regard has been reached.

Consequently, in this case, because the March 11, 1977, hearing was a *non-statutory* hearing and because 18 months have elapsed since the trial court's original finding of incompetence, we hold that the normal provision for statutory hearing within 18 months must now be observed. We also note that a full, detailed and contemporaneous report on defendant's psychiatric condition as required by statute should be presented to the trial court in order to correctly evaluate his immediate competence to stand trial. With these considerations in mind, after reviewing all of defendant's allegations of error as presented on this appeal, we affirm the trial court.

Affirmed.