PEOPLE v HAMM

Docket No. 43160. Submitted June 24, 1980, at Detroit.—Decided
    October 6, 1980. Leave to appeal applied for.

    William E. Hamm was charged with first-degree murder and
        assault with intent to murder. Prior to trial, he executed a
        written waiver of a jury trial. During a bench trial he was
        found incompetent to stand trial, and the court, *sua sponte,*
        declared a mistrial. Defendant appealed and the Court of
        Appeals affirmed. *People v Hamm,* 79 Mich App 281; 261
        NW2d 288 (1977). Defendant was subsequently adjudged compe-
        tent to stand trial. St. Clair Circuit Court, James S. Thorburn,
        J., denied his request to be tried by a jury and, following a
        second trial, found him guilty of first-degree murder. Defendant
        filed a claim of appeal. Before his claim came on for hearing,
        he moved to remand the case to the circuit court for an
        evidentiary hearing on the issue of the court's denial of his
        withdrawal of waiver of trial by jury and to move for a new
        trial. The Court of Appeals granted his motion, but retained
        jurisdiction. The circuit court denied defendant's motion for a
        new trial, concluding that his previous waiver was not affected
        by the subsequent declaration of a mistrial and that its denial
        of defendant's motion for withdrawal of the waiver was proper.
        On appeal, defendant alleges that the trial court erred in
        denying his motion to withdraw his waiver of a trial by jury
        since it was nullified by the declaration of a mistrial, thereby
        restoring the option to him for retrial, that he was prejudiced
        by the failure of the prosecution to call certain of its rebuttal
        witnesses which could have substantiated his claim of inno-
        cence, that the trial court erred in permitting the prosecution
        to call a rebuttal witness not listed on its notice of rebuttal,
        and that his right to be free from double jeopardy was violated

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial § 1238.
[2] 5 Am Jur 2d, Appeal and Error § 955.
[3] 76 Am Jur 2d, Trial § 1072.
[4] 21 Am Jur 2d, Criminal Law § 45 *et seq.*
[5] 63 Am Jur 2d, Prosecuting Attorneys § 27.
[6] 5 Am Jur 2d, Appeal and Error § 774.
[7] 5 Am Jur 2d, Appeal and Error § 744.

when the trial court, *sua sponte,* declared a mistrial without his consent. *Held:*

1. The trial court erred in denying defendant's motion to withdraw the waiver of a trial by jury which he made prior to his first trial. The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all. When the Court of Appeals affirmed the trial court's declaration of mistrial and remanded the case for a second trial, the parties returned to their original positions.

2. The prosecutor's failure to produce a rebuttal witness who could have offered evidence to substantiate defendant's claim of innocence constitutes error. The omitted evidence would have created a reasonable doubt that did not otherwise exist.

3. The trial court did not abuse its discretion in permitting the introduction of testimony of a rebuttal witness not listed on the prosecution's notice of rebuttal since it can not be said that there was no justification or excuse for the court's ruling.

4. Defendant's assignment of error concerning the trial court's declaration of a mistrial during his first trial without his consent involves the same question of law on this appeal as was raised on his first appeal. The prior ruling by the Court of Appeals is the law of the case and is controlling. Defendant's right to be free from double jeopardy was, thus, not violated, the ruling of a mistrial by the trial court being discretionary with the trial judge and no abuse of discretion having been found.

Conviction reversed.

1. STIPULATIONS — WAIVER OF RIGHT TO JURY TRIAL — STRICT CON-
   STRUCTION.

   A stipulation for the waiver of the right to a trial by jury should be strictly construed in favor of preservation of that right where a defendant moves for withdrawal of the waiver.

2. TRIAL — WAIVER OF RIGHT TO JURY TRIAL — NEW TRIAL —
   APPEAL.

   A waiver of a jury trial should continue in force where a tribunal grants a new trial in the interests of justice without the intervention of a reviewing court, but where a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial, a litigant should not be bound by his prior waiver unless the language of the waiver unambiguously states that it is to apply in all retrials, should they be ordered.

3. Trial — Declarations of Mistrial — Results.

The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all.

4. Criminal Law — Defense of Insanity — Notice — Purpose — Statutes.

The purpose of the statutory requirement of notice of rebuttal of the defense of insanity in a criminal case is to give a defendant notice that expert witnesses may be called against him and to aid a prosecutor in rebutting such a defense; its purpose is not to insure that the whole of the res gestae is produced nor to protect an accused against the suppression of testimony favorable to him (MCL 768.20a[7]; MSA 28.1043[1][7]).

5. Prosecuting Attorneys — Affirmative Duty to Produce Witnesses Favorable to Defense — Criminal Law.

A prosecutor has an affirmative duty to produce all witnesses that he knows can offer evidence to substantiate a defendant's claim of innocence, and failure to produce such witnesses constitutes error.

6. Appeal — Judicial Discretion — Abuse of Discretion — Standard of Review.

An abuse of discretion will be found only if an unprejudiced person, upon considering the facts on which a trial court acted, would say that there was no justification or excuse for the court's ruling.

7. Appeal — Law of the Case — Remand — Subsequent Appeal — Legal Questions.

A legal question which has been raised in one appeal may not be raised in a subsequent appeal following proceedings held on remand in a lower court; the prior ruling is the law of the case and is controlling.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Bruce T. Leitman, P.C.,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

V. J. BRENNAN, J. Defendant William Ernest Hamm appeals from conviction of the first-degree murder, MCL 750.316; MSA 28.548, of his psychiatrist, Dr. Charles Hoyt.

This case has been twice tried in the court below and is now in this Court for a second time. Although long, the history and factual background of this case is not complex. On July 12, 1975, defendant Hamm was charged with first-degree murder, MCL 750.316; MSA 28.548, and assault with intent to murder, MCL 750.83; MSA 28.278, his psychiatrist. Having executed a written waiver of a jury trial, defendant proceeded to a bench trial before Judge Thorburn. During the trial, defendant was found incompetent to stand trial, and the trial court, *sua sponte,* declared a mistrial. This ruling was appealed to this Court and affirmed. *People v Hamm,* 79 Mich App 281; 261 NW2d 288 (1977).

Defendant was subsequently adjudged competent to stand trial, and a second trial was scheduled for November 6, 1978. On November 2, 1978, the prosecution made a motion to disqualify the presiding judge, which was denied. On November 3, 1978, defense counsel filed a demand for jury trial which was not served upon the prosecutor. On the day of trial, the trial court denied defendant's request to be tried by a jury. The case proceeded to trial, and defendant was found guilty of first-degree murder.

Subsequently, defendant appealed, but prior to his hearing on appeal defendant moved for remand to the trial court for the purpose of moving for a new trial, which motion was granted. A

---

* Circuit judge, sitting on the Court of Appeals by assignment.

remand hearing was held, and the trial judge concluded that defendant's waiver of trial by jury prior to his November 18, 1975, proceeding was not affected by the subsequent declaration of a mistrial and that is was, therefore, proper to deny defendant's motion for withdrawal of his waiver of trial by jury.

On appeal, defendant raises a question of first impression in Michigan. Does the declaration of a mistrial nullify a prior waiver of trial by jury and, thus, restore the option of jury or bench trial in the subsequent retrial? Fortunately we are not without guidance in deciding this question.

We begin with the time-honored premise that the right to jury trial is a high and sacred right, and, thus, the stipulation for the waiver of such right should be strictly construed in favor of preservation of that right. *Burnham v N Chicago St R Co,* 88 F 627 (CA 7, 1898).

"The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer." *Id.,* 629.

In *United States v Lee,* 539 F2d 606 (CA 6, 1976), defendant waived his right to a jury trial and was found guilty by a magistrate of attempting to board an aircraft while carrying a dangerous concealed weapon. Defendant's appeal from this conviction was successful, and the case was remanded for retrial. Appellant moved to withdraw his waiver in order to have a retrial before a jury in district court. The magistrate overruled defendant's motion and proceeded as directed by

the district court. Holding that defendant's conviction must be reversed because he should have been permitted to withdraw his waiver of a jury trial, the court stated that although there was no precedent deciding the case, two related situations suggested the proper rule.

"The first is where a tribunal grants a new trial in the interests of justice without the intervention of a reviewing court. In this situation, it appears appropriate to hold that waiver of a jury trial or consent to trial by a magistrate should continue in force. F.R.Crim.P. 33 and Magistrates Rule 7, which permit the tribunal to simply vacate the judgment and reopen the original proceedings in an appropriate case, may be construed to require this result. The second situation is when a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial. In that situation the general rule is that a litigant's not bound by his prior waiver of a jury trial. *We believe that this appeal is more like the situation where an appellate court has ordered a retrial. Unless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered, a waiver should not continue in effect after the jurisdiction of the court to which it was tendered terminates upon the taking of an appeal.*" 539 F2d 608-609.

The instant case does not fall into either category. Although there was a reviewing court here, that court did not find that the trial court committed error when it declared a mistrial, *Hamm, supra,* and, in fact, this Court affirmed the trial court's findings. A new trial was granted, however.

A comparable factual situation existed in *United States v Lutz,* 420 F2d 414 (CA 3, 1970). In *Lutz,* the prosecutor and the defense counsel, with the approval of the trial judge, waived jury trial pursuant to rule 23(a) of the Federal Rules of Criminal Procedure. Subsequently, a mistrial was de-

clared. At the second trial, the prosecutor refused to waive the jury. The court held that the prosecution was not bound by its first waiver. "The waiver referred to the earlier trial, before another judge. Once a mistrial was declared each party was free to assert or waive his rights." 420 F2d 414, 416.

In *United States v Mischlich,* 310 F Supp 669 (D NJ, 1970), the court was faced with whether a defendant who had implicitly consented to venue in his first trial was precluded from raising this defense in his second trial necessitated when the first trial ended in a mistrial. In arriving at its decision, the court undertook an examination of the legal effect of a mistrial.

"The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all. *See* 58 C.J.S. Mistrial at 833-834 (1948). The situation which exists is analogous to that which results from an appellate reversal and remand for new trial. *See* 5 Am. Jr. 2d Appeal and Error § 955 at 382 (1962). The parties are returned to their original positions and, at the new trial, can introduce new evidence and assert new defenses not raised at the first trial." 310 F Supp 669, 672.

We believe this is the correct resolution to the question raised. When Mr. Hamm initially waived his right to a trial by jury, that waiver only had relation to the first trial. There could be no presumption at the time of the waiver that there would ever be a second trial. When this Court affirmed the trial judge's declaration of mistrial and remanded for a second trial, the parties were returned to their original positions, and defendant's original waiver of a jury trial was nullified. To decide otherwise would require us to read the original jury waiver as applying in all retrials, should they be ordered. This we decline to do.

Because of the foregoing disposition, we find a lengthy discourse on the other issues raised to be unnecessary. Some comment, however, is appropriate as they may arise again on retrial.

Defendant contends that he was prejudiced by the people's failure to call Dr. Michael Short, M.D., and Dr. Newton Jackson, Ph.D., psychiatric witnesses listed on the prosecution's notice of rebuttal witnesses. At trial, defense counsel did not know that Dr. Short had found defendant not criminally responsible.[1] We reject defendant's argument that MCL 768.20a(7); MSA 28.1043(1)(7),[2] requiring the prosecutor to file notice of rebuttal witnesses to the defense of insanity, is analogous to the statute requiring the prosecution to endorse res gestae witnesses. MCL 767.40; MSA 28.980. The purpose of the notice of rebuttal is to give defendant notice that expert witnesses may be called and to aid the prosecutor in rebutting the defense of insanity. It is not to insure that the whole of the res gestae is produced and to protect the accused against the suppression of testimony favorable to him. We also reject defendant's argument that he was precluded from offering the testimony of these witnesses himself. The control-

---

[1] When the prosecutor rested his rebuttal, defense counsel moved that the prosecutor be compelled to produce Dr. Jackson. The prosecutor objected. In the alternative, defense counsel moved to introduce Dr. Jackson's report. This was denied. Defendant did not know at this time that Dr. Short had found defendant to be not criminally responsible.

[2] MCL 768.20a(7); MSA 28.1043(1)(7) states in pertinent part:

"(7) Within 10 days after the receipt of the report from the center for forensic psychiatry or within 10 days after the receipt of the report of an independent examiner secured by the prosecution, whichever occurs later, but not later than 5 days before the trial of the case, or at such other time as the court directs, the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal of the defense of insanity which shall contain the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal."

ling statute at the time in question was MCL 768.20; MSA 28.1043,[3] which vested the trial judge with discretion to permit defendant to introduce the testimony of these rebuttal witnesses.

We do find merit in defendant's argument, however, that the prosecutor has an affirmative duty to produce all witnesses that he knows can offer evidence to substantiate defendant's claim of innocence.

In an early Michigan case, the Supreme Court stated:

"[A]nd the State has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons. But surely the State has no such interest; its interest is that accused parties shall be acquitted unless upon all the facts they are seen to be guilty; *and if there shall be in the possession of any of its officers information that can legitimately tend to overthrow the case made for the prosecution, or to show that it is unworthy of credence, the defense should be given the benefit of it." People v Davis,* 52 Mich 569, 573-574; 18 NW 362 (1884). (Emphasis added.)

Based on defendant's allegation that Dr. Short had found defendant to be not criminally responsible, the prosecutor's failure to produce this rebut-

---

[3] MCL 768.20; MSA 28.1043 provided in pertinent part:

"Whenever a defendant in a criminal case not cognizable by a justice of the peace shall propose to offer in his defense testimony to establish an alibi on behalf of the defendant, or of the insanity of such defendant either at the time of the alleged offense or at the time of trial, such defendant shall at the time of arraignment or within 10 days thereafter but not less than 4 days before the trial of such cause file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to claim such defense and the names of witnesses to be called in behalf of such defendant to establish such defense known to him at that time. *Names of other witnesses may be filed and served before or during the trial by leave of the court and upon such conditions as the court shall determine * * *."* (Emphasis added.)

tal witness at trial was error. This omitted evidence would have created a reasonable doubt that did not otherwise exist and, therefore, the prosecutor should have disclosed this evidence.

Defendant also alleges that the trial court improperly permitted the prosecution to call Francis Burns as a rebuttal witness although not listed on the prosecution's notice of rebuttal. The controlling statute in effect on the date of this trial left the introduction of this witness's testimony to the discretion of the trial judge. MCL 768.20; MSA 28.1043.[4] An abuse of discretion is found only if an unprejudiced person, upon considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling made. *Bruce v Grace Hospital,* 96 Mich App 627; 293 NW2d 654 (1980).

The court did not abuse its discretion in permitting the introduction of this testimony. The defendant introduced the testimony of a psychiatrist who testified that defendant's antisocial behavior was caused by a psychosis, in turn caused by a blow to defendant's head and subsequent brain surgery. The rebuttal witness testified that defendant's antisocial behavior predated these incidents.

Defendant lastly claims that his protection against being twice put in jeopardy was violated when the trial court, *sua sponte,* declared a mistrial during the November, 1978 trial. This precise issue has been addressed and found to be without merit by this Court. *People v Hamm,* 79 Mich App 281; 261 NW2d 288 (1977). Since the prior ruling concerned the same question of law presented on this appeal, it is the law of the case and is controlling. A legal question which has been raised in one appeal may not be raised in a subsequent appeal

---

[4] See footnote 3, *supra.*

after proceedings held on remand to the lower court. *People v Paintman,* 92 Mich App 412, 416; 285 NW2d 206 (1979). *People v Drew,* 83 Mich App 57; 268 NW2d 284 (1978), *Allen v Michigan Bell Telephone Co,* 61 Mich App 62; 232 NW2d 302 (1975). Defendant urges that we create an exception to this general legal principle in light of *People v Benton,* 402 Mich 47; 260 NW2d 77 (1977), and *People v Williams,* 85 Mich App 258; 271 NW2d 191 (1978), which defendant alleges recite new law and justify our review of the issue addressed and decided earlier in *Hamm.* Even if we were wont to recognize such an exception, we would not do so here. Defendant's characterization that these cases recite new law is incorrect. Both cases cite *United States v Jorn,* 400 US 470; 91 S Ct 547; 27 L Ed 2d 543 (1971), relied on by this Court in its first review of *Hamm.*

Defendant's conviction is reversed.