PEOPLE v MITCHELL

Docket No. 62488. Submitted June 17, 1983, at Grand Rapids.—Decided October 27, 1983.

Richard L. Mitchell was convicted of two counts of first-degree criminal sexual conduct but was found to be mentally ill, Calhoun Circuit Court, Creighton R. Coleman, J. The defendant appealed alleging numerous errors. *Held:*

1. The trial court erred in not instructing the jury on the elements of force and coercion with respect to the lesser included offenses of third-degree criminal sexual conduct on both counts. A trial court's failure to instruct the jury on an element of an offense requires reversal of the defendant's conviction even where the defendant failed to object at the trial.

2. The prosecuting attorney's misconduct in cross-examining the defendant's sole expert witness requires reversal of the defendant's convictions. The prosecutor injected irrelevant matters appealing to the emotions and prejudices of the jury into the trial.

3. The defendant lacks standing to raise the issue of whether the statute on criminal sexual conduct is void for vagueness unless personal injury is defined as some injury above and beyond that caused by the act of forcible intercourse itself. The victim testified that she suffered a painful back injury. A defendant has standing to raise a challenge to a statute on the basis of vagueness only if the statute is vague as applied to his conduct.

4. The statute allowing a jury to return a verdict of guilty but mentally ill does not deny a defendant due process and

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 549, 623.
  75 Am Jur 2d, Trial § 906.
[2] 5 Am Jur 2d, Appeal and Error § 549.
  75 Am Jur 2d, Trial § 615.
[3] 63 Am Jur 2d, Prosecuting Attorneys § 27.
[4] 21 Am Jur 2d, Criminal Law §§ 95, 101, 112.
[5] 16A Am Jur 2d, Constitutional Law § 461.
[6] 21 Am Jur 2d, Criminal Law § 129.

does not lead to unfair compromise by the jury on the issue of the defendant's insanity.

Reversed and remanded.

1. APPEAL — JURY INSTRUCTIONS.

A defendant's failure to object to the jury instructions at the trial precludes appellate review of such instructions except where a manifest injustice would result.

2. APPEAL — CRIMINAL LAW — JURY INSTRUCTIONS.

A trial court's failure to instruct the jury on an element of a criminal offense requires reversal of the defendant's conviction on appeal even where the defendant failed to object to such omission at the trial.

3. PROSECUTING ATTORNEYS — FAIR TRIAL — PREJUDICIAL INNUENDO.

A prosecuting attorney has the duty not only to protect the interest of the people but also to see that a defendant is given a fair trial, and a prosecutor should not inject prejudicial innuendo into the proceedings.

4. CRIMINAL LAW — COMPETENCY TO STAND TRIAL.

A defendant's competency to stand trial is an ongoing concern and, even where a defendant is found competent to stand trial, a trial court should remain alert to changes in circumstances suggesting that a defendant is no longer competent to stand trial.

5. CRIMINAL LAW — UNCONSTITUTIONALLY VAGUE STATUTES — STANDING.

A criminal defendant has standing to raise a challenge to a statute on the ground that it is unconstitutionally vague only if the statute is allegedly vague as applied to his conduct.

6. CRIMINAL LAW — GUILTY BUT MENTALLY ILL.

The statute allowing a jury to return a verdict of guilty but mentally ill does not violate a defendant's right to due process and does not lead to the jury's unfair compromise on the issue of the defendant's insanity (MCL 768.36; MSA 28.1059).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Richard M. C. Adams,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender* (by *R. Steven Whalen),*
for defendant.

Before: R. B. BURNS, P.J., and MACKENZIE and
J. L. BANKS,* JJ.

PER CURIAM. Defendant appeals as of right from
his conviction by a jury of two counts of first-
degree criminal sexual conduct. MCL
750.520b(1)(f); MSA 28.788(2)(1)(f). Defendant was
found guilty but mentally ill as to both counts.
MCL 768.36; MSA 28.1059. We find that both of
defendant's convictions must be reversed because
of instructional error and prosecutorial miscon-
duct.

Defendant made no objection at the trial to the
court's instructions, and thus appellate review is
precluded unless the instructions resulted in mani-
fest injustice to the defendant. GCR 1963, 516.2;
*People v Prast (On Rehearing),* 114 Mich App 469,
491; 319 NW2d 627 (1982). We find that manifest
injustice occurred in the present case. With re-
spect to the lesser included offense of third-degree
criminal sexual conduct as to both counts, the trial
court failed entirely to instruct on the elements of
force and coercion. A trial court's failure to in-
struct on an element of an offense, even if not
objected to, requires reversal. *People v Allens-
worth,* 401 Mich 67; 257 NW2d 81 (1977). Even
though defendant was ultimately convicted of first-
degree, not third-degree, criminal sexual conduct,
we do not believe that this error can be deemed
harmless for this reason. There is some doubt as to
whether the harmless-error test may properly be
applied to the erroneous failure to instruct on an
element of an offense, see *People v Allensworth,
supra.* Moreover, even if it were applied, the jury

---

* Circuit judge, sitting on the Court of Appeals by assignment.

may have believed that, once they found that force or coercion had been used, they could not properly convict defendant of the lesser offense of third-degree criminal sexual conduct because force or coercion was not an element of that offense, and thus this error may have contributed to defendant's conviction of first-degree criminal sexual conduct.

In view of our conclusion that the above-described instructional error requires reversal, it is unnecessary to decide whether other alleged instructional errors raised by defendant on appeal constituted manifest injustice and require reversal. However, for purposes of guidance on retrial, we will note that the definition of legal sanity in CJI 7:8:02A(12) was modified in February, 1982, to replace "or" with "and", so that it now correctly states the law, and this is the language which should be used.

We also find that misconduct by the prosecutor requires reversal. During cross-examination of defendant's sole expert witness called in support of his insanity defense, the prosecutor asked if the witness had been fired from a former position for releasing Gary Addison Taylor, who subsequently killed 14 people. Defense counsel objected, and the court sustained the objection. The prosecutor also asked defendant's expert about a movie concerning the psychiatric institution of which the expert was previously the director, which movie counsel described as showing "bizarre treatment" of patients. The prosecutor also asked the witness about a man known as "The Great Imposter" who successfully faked being a psychiatrist and worked at another institution unrelated to the witness. Defense counsel objected to these references to the movie and "The Great Imposter", but the court did not sus-

tain his objections, although the court noted that these matters were "remote".

While the prosecutor in cross-examining defendant's expert was entitled to raise matters relevant to impeaching the expert's credibility, the prosecutor's references to Gary Addison Taylor, the movie, and "The Great Imposter" exceeded the scope of proper cross-examination as to credibility and injected into the trial irrelevant matters appealing to the emotions and prejudices of the jury. A prosecutor has the duty not only to protect the interest of the people, but also to see that a defendant is given a fair trial, and the prosecutor should not inject prejudicial innuendo into the proceedings. *People v Brocato,* 17 Mich App 277, 290-291; 169 NW2d 483 (1969); *People v Ball,* 33 Mich App 288, 290; 189 NW2d 816 (1971). The reference to Gary Addison Taylor was especially prejudicial to defendant and, although the court sustained defense counsel's objection, the jury was not instructed to disregard the remark. We doubt that the jury could have disregarded it even if so instructed. See *People v Kolowich,* 262 Mich 137, 152; 247 NW 133 (1933). We note that defendant, on appeal, has raised other additional questions and closing remarks by the prosecutor which we find of questionable propriety but which we will not address because of defendant's failure to object at the trial and because our conclusion that the above-described conduct of the prosecutor requires reversal makes it unnecessary to do so.

In view of our conclusion that the instructional error and prosecutorial misconduct require reversal, it is not necessary to address the issues of the defendant's competency raised on appeal. However, since questions as to the defendant's competency may again arise on retrial, we offer the

following for the purpose of guidance. Even after a competency hearing is held at which a defendant is found competent to stand trial, a trial court must remain alert to changes in circumstances suggesting that a defendant is no longer competent because competency is an ongoing concern. *Drope v Missouri,* 420 US 162, 181; 95 S Ct 896, 908; 43 L Ed 2d 103, 119 (1975); *People v Hamm,* 79 Mich App 281, 288-289; 261 NW2d 288 (1977), *lv den* 402 Mich 888 (1978). However, after a formal competency hearing, complying with MCL 330.2020 *et seq.;* MSA 14.800 (1020) *et seq.* and GCR 1963, 786 has been held, further inquiries and determinations as to a defendant's competency during the trial may be made without holding another formal hearing. *People v Hamm, supra,* pp 288-291.

Defendant raises two final arguments on appeal. First, defendant argues that the criminal sexual conduct statute allowing conviction in the first degree upon proof of personal injury, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), is void for vagueness unless "personal injury" is defined as some injury above and beyond that caused by the act of forcible intercourse itself. A defendant has standing to raise vagueness challenge to a statute only if the statute is vague as applied to his conduct. *People v Gilliam,* 108 Mich App 695, 703; 310 NW2d 843 (1981); *People v Kraai,* 92 Mich App 398, 404; 285 NW2d 309 (1979), *lv den* 407 Mich 954 (1980). The complainant testified that she suffered a painful back injury when defendant pulled her off a chair and shoved her down to the floor. This testimony provided sufficient evidence for the jury to find the personal-injury element satisfied based on conduct of defendant beyond the act of intercourse itself. Consequently, whatever merit defendant's vagueness claim may have, de-

fendant lacks standing to raise this issue. *People v Kraai, supra.* Second, defendant argues that the statute allowing a jury to return a verdict of guilty but mentally ill, MCL 768.36; MSA 28.1059, violates due process because it leads to unfair compromise by the jury on the insanity issue. A panel of this Court recently rejected this argument in *People v Delaughter,* 124 Mich App 356; 335 NW2d 37 (1983), and we agree with that decision. We find that CJI 7:8:09, which was given by the court in the present case, adequately protects against any unfair compromise by informing the jury that before it may arrive at a verdict of guilty but mentallyy ill, the jurors must be convinced beyond a reasonable doubt that the defendant was legally responsible for his actions and that the defense of insanity does not apply to him.

Reversed and remanded for a new trial.